## SHELTON v. SIMMONS.

1. A charge of stealing hogs, implies malice in the speaker, notwithstanding there is proof that the charge was currently reported, and believed in the neighborhood in which the parties resided. Evidence in mitigation of damages, is proper where the general issue alone is pleaded, and not where the plea of justification is also interposed.

Writ of Error to the Circuit Court of Mobile.

Shelton v. Simmons.

This was an action of slander, at the suit of the defendant in error. The words charged to have been spoken were, that the defendant had said of the plaintiff, *he had been in the habit of stealing and killing his neighbors' hogs.* The cause was heard on the pleas of "not guilty," and "justification," a verdict was returned for plaintiff, assessing his damages at one hundred dollars, and judgment was thereon rendered. From a bill of exceptions sealed at the instance of the defendant, it appears that the defendant prayed the court to charge the jury, that, if they believed the slanderous words charged to have been spoken, were, at the time they were uttered by him, currently reported and believed in the neighborhood in which the plaintiff and defendant resided; that the defendant believed them to be true, and uttered them without malice, they must find for the defendant. This prayer was denied, and the jury were charged that the words themselves implied malice.

E. S. Dargan, for the plaintiff in error, insisted that the charge given was erroneous, and cited 1 Porter's R. 326; 9 Ib. 136.]

G. N. Stewart, for the defendant in error. The words charged to have been spoken, implied malice, (8 Porter's R. 488;) and no charge having been prayed or excepted to, as to what facts, or circumstances would mitigate the damages, the ruling of the court upon this point must be presumed to have been correct. The bill of exceptions will, if necessary, be taken most strongly against the party excepting. [6 Ala. R. 801.] As no part of the evidence is set out, the charge prayed must be considered abstract, and that given is not erroneous. [3 Mass. 546; 1 Pick. Rep. 1; 4 Conn. Rep. 408; 5 Cow. Rep. 449; 4 Wend. 659; 8 Id. 602; 13 Id. 9.]

COLLIER, C. J.—The bill of exceptions does not show error in the ruling of the circuit court. It is perfectly well settled, that it does not devolve on the plaintiff, in an action

of slander, charging words actionable in themselves, to adduce evidence of special damage, or that the defendant was influenced by malice in their utterance. These are implied from proof of the speaking of words, which entitle the plaintiff to damages. [8 Porter's Rep. 486.] The absence of malice, it is true, should be taken into consideration by the jury, in estimating the extent of the injury to the plaintiff's character; but where the words are spoken under circumstances inexcusable, the want of malice does not furnish a justification. It cannot be assumed from the record, that the circuit court laid down the law otherwise than we have stated it.

What has been said as to evidence in mitigation, we intend to apply to a case where the parties go to trial upon the *general issue* only, and not where the defendant pleads a *justification* also. The law would seem to be different where the speaking of the slanderous words is justified. [9 Ala. Rep. 406, and cases there cited.] The judgment is consequently affirmed.