## ABRAHAM MARKHAM *vs.* HORACE M. RUSSELL.

Although slanderous words, charging theft, were spoken in the presence of only a single witness, who testifies that they did not affect his opinion of the plaintiff, and that he still believed the plaintiff to be honest, yet, if the words were spoken maliciously, the jury are not restricted to nominal damages.

TORT for slander, in charging the plaintiff with theft. The declaration averred the use of such language on only one occasion.

At the trial in the superior court, before *Vose,* J., the plaintiff called Olney Goff as a witness, who testified that on one occasion the defendant said to him, " There is no use for you to uphold that Markham boy. He stole the money and wallet belonging to Griffin. There is no use for any one to deny it." No one else was present at this interview, and Goff testified that the words spoken by the defendant did not affect his opinion of the plaintiff, and that he still believed the plaintiff to be honest. The plaintiff was about seventeen years old, and had been employed by Goff. There was also evidence tending to show that at the time of speaking the words the defendant was excited; that he and Goff had just come from the trial of a criminal prosecution against one Haynes for stealing a wallet and money of one Griffin; and that the plaintiff, defendant and Goff had

ordinary travel, without any obstructions, and so built that it would not cause ice or snow to accumulate thereon, and to form and continue there, and there was at the time of the accident no accumulation of ice or snow on the sidewalk creating an obstruction, but the snow was trodden down so as to be level and even, and there was nothing in the way which caused the plaintiff to fall but the ice, and the accident was attributable solely to the slippery condition of the ice, causing a liability to fall, such a condition of the sidewalk would not be a defect for which the city would be liable.

The jury returned a verdict for the defendants; and the case was reported for the consideration of the whole court.

*A. R. Brown,* for the plaintiff.

*T. Wentworth,* for the defendants, was not called upon.

all been witnesses on the trial. For the purpose of proving malice, the plaintiff introduced, without objection, evidence of other similar declarations by the defendant, before and after those to Goff.

The judge ruled, upon this evidence, that the plaintiff was entitled to recover only nominal damages; and the jury accordingly returned a verdict for the plaintiff for one dollar; and he alleged exceptions.

*E. D. Beach,* for the plaintiff, cited *Kenney* v. *McLaughlin,* 5 Gray, 3; *Worster* v. *Providence Canal Bridge,* 16 Pick. 541; 1 Greenl. Ev. §§ 2, 49.

*J. Wells & A. L. Soule,* for the defendant. The evidence of words spoken at other times furnished no ground for giving additional damages. *Watson* v. *Moore,* 2 Cush. 133–137. The jury had no right to give damages to punish the malice, or to compensate the plaintiff for the personal indignity; but only for the depreciation which his character suffered in the opinion of Goff. *Sheffill* v. *Van Deusen,* 13 Gray, 304. In the absence of evidence, damages might be presumed; but all ground of presumed damage is removed by the explicit testimony of Goff; and his testimony is corroborated by the circumstances. The facts were known to both alike : the defendant's statement was merely a matter of opinion, and Goff differed from him; and the defendant was under excitement. There was, therefore, no damage.

BIGELOW, C. J. The effect of the ruling of the court was to withdraw from the consideration of the jury the question of damages. This was clearly erroneous. The evidence proved not only the utterance of slanderous words by the defendant, but also that they were spoken maliciously. Although it is true that no damages could be awarded for words spoken at any other time than that set forth in the declaration, yet it is also true that proof of the utterance of such slanderous charges on other previous occasions was competent, as showing that the words charged were spoken maliciously, and thus tended to aggravate the wrong and injury for which the plaintiff sought to recover compensation in this action. It certainly cannot be contended that words spoken with malice and ill will towards a party

inflict no greater injury than those uttered innocently, through mistake or with no purpose to traduce and defame character, and that they are to be measured with the same rule in estimating damages. Express malice aggravates the wrong done by the utterance of slanderous words. Nor can we think it sufficient reason for restricting a party to the recovery of nominal damages in an action like the present, that the person to whom the words were spoken testifies that the character and reputation of the plaintiff was not impaired or injured in his estimation by the slanderous charges uttered by the defendant. It was for the jury to determine whether this statement was true, and, if they believed it to its full extent, it did not necessarily lead to the conclusion that the plaintiff was entitled to merely nominal damages. Undoubtedly the material element of damage in an action for slander is the injury done to character. But it is not the sole element. A jury have a right also to consider the mental suffering which may have been occasioned to a party by the publication of slanderous words. When an injury has been inflicted on the reputation of a party sufficient to sustain an action at all, he has a right to recover a reasonable compensation for the distress and anxiety which may have been the natural result of the legal wrong which has been done to him. 2 Greenl. Ev. § 267. In this case, it may be that the plaintiff had good reason for supposing that his reputation was injured in the opinion of the witness to whom the words were uttered, and he may have undergone great mental anxiety and distress by reason thereof.

In all trials at common law, a jury are the proper judges of the damages. It can rarely happen that the question can be rightly withdrawn from their consideration. It is only when a mere technical invasion of legal right is shown, unaccompanied by any actual injury to person or property, that the court is authorized to instruct them to return a verdict for nominal damages only. The case at bar did not fall within this category. *Sheffill* v. *Van Deusen*, 13 Gray, 304, presented a very different question. There the plaintiff failed to prove any legal cause of action, and had no claim for damages, either nominal or sub- stantial. *Exceptions sustained.*