## W. W. SANDERS v. J. N. HALL.

Decided December 23, 1899.

**1. Libel—Letter Imputing Dishonesty Libelous Per Se.**

Where defendant, a banker, wrote a letter to one holding a note against plaintiff, stating that the latter "is going to leave us soon; and if he goes, good-bye note," and that the note should be sent to the writer for collection, with authority to take fifty cents on the dollar, as a half loaf would be better than none, the letter was libelous per se, as imputating dishonesty to the plaintiff.

**2. Same—Accord and Satisfaction.**

Where defendant, who had written a false and slanderous letter about plaintiff, went to plaintiff with an incredible explanation of the matter, plaintiff's reply that he was satisfied would not sustain a plea of accord and satisfaction by defendant,—plaintiff testifying that he meant he was satisfied that the explanation was not true.

**3. Same—Special Damage Need Not Be Shown.**

Where plaintiff had written a libelous letter imputing dishonesty to defendant and calculated to injure his credit, plaintiff was entitled to more than nominal damages, though no special damage was averred or shown.

APPEAL from Bowie. Tried below before Hon. J. M. TALBOT.

*Smelser & Mahaffey* and *Sheppard & Jones,* for appellant.

*Vaughan & Vaughan* and *R. H. Jones,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by Hall against Sanders to recover damages for alleged libel, which is set forth in a letter written by Sanders, at De Kalb, Texas, to the American Harrow Company, at Detroit, Michigan, and sent to said company by United States mail. The letter, with the innuendo, is as follows:

"W. W. Sanders, President.                                      J. H. Braden, Cashier.
                    "Capital Stock, $50,000.00.   Paid up.
              "DE KALB EXCHANGE BANK.

                              "DE KALB, TEXAS, September 30, 1896.
"American Harrow Co., Detroit, Mich:
    "Sirs—You sold to one J. N. Hall, near here, one harrow and took note for same, and we write you that he is going to leave us soon, and if he goes, good-bye note. We write you calling your especial attention to same, and stating that if you will send us the note at once, with authority to take 50 cents on the dollar for same, we think we can make that amount for you. Your prompt attention may save you a half loaf, which is much better than none. Yours respt.,

                                          "W. W. SANDERS."


    "By which said Sanders meant to inform and say to said company that plaintiff was dishonest and intended to leave the country for the purpose of beating his honest debts."

No special damage was alleged, but both actual and vindictive were claimed.

The defendant demurred to the petition upon the ground that the letter was not libelous per se, and as no special damages were alleged, the petition stated no cause of action. He also pleaded the general denial, and specially, that he had offered a full explanation to plaintiff, which was accepted by him in full satisfaction of all damages.

The case was tried by the court without a jury, and judgment rendered for Hall in the sum of $500, and Sanders has appealed.

The evidence sustains the material allegations in Hall's petition, and that the statements were utterly false, without any foundation whatever, but tends also to show that Sanders and Hall were old friends, and that Sanders intended to get the note, without Hall's knowledge or consent, at 50 cents on the dollar, and then give Hall the benefit of his bargain; that he was not lying for personal gain, but for the good of his neighbors,—purely as a matter of friendship. He was a banker.

When Sanders heard that Hall had got possession of the letter, however, and was offended about it, he went to see him at his home and explained his purpose in writing it, and that he intended it as an act of friendship to Hall, and intended to give him the benefit of whatever reduction he obtained, and offered to pay whatever damages he had sustained, or do whatever Hall demanded so as to remove the false impression his letter had made; and Hall said he was perfectly satisfied, thereby meaning, as he says, that he was satisfied that Sanders meant

to get his note at whatever discount he could and keep whatever per cent he made.

We think that the letter is libelous per se, and that it was not, therefore, necessary to allege special damages. Its terms and tone convey the idea that Hall is a dishonest man, and is going to leave the country to avoid the payment of his debts. The evidence in the case shows conclusively that it was so understood by the American Harrow Company, and it immediately sent an agent and collected the note before it was due.

Dishonesty among all honorable people is degrading, and any language, written or printed, of another which tends to degrade him in the estimation of honorable people is libelous per se. It need not impute a crime or offense prohibited and punishable by statute. Riley v. Lee (Ky.), 11 S. W. Rep., 713; Phillips v. Hoefer, 1 Pa. St., 62; same case, 44 Am. Dec., 111.

In the application of this rule we recognize no difference between merchants and traders as a class and farmers and mechanics or even day laborers. A man's reputation for honesty is sometimes all that he has, and it is often worth to him his living. It secures to him the respect and esteem of his neighbors, and he, though a farmer, mechanic, or day laborer, is as much entitled to the protection of his good name as any merchant prince or banker in the land, for—

> "The rank is but the guinea's stamp,
> The man's the gowd for a' that."

The plea of accord and satisfaction is not sustained by the evidence in the record.

We can not say that the judgment is excessive. The court below having passed on the facts, and having assessed the amount, it must be made to appear to us that he was actuated by something improper, and that the judgment is excessive in law, before we are authorized to disturb it. It is not true that only nominal damages in such cases are recoverable. Markham v. Russell, 94 Mass., 573.

Finding no error in the proceedings, the judgment is affirmed.

*Affirmed.*

Writ of error refused.