HOUSTON & TEXAS CENTRAL RAILROAD COMPANY V. WILLIAM
MAXWELL ET AL.

Decided March 23, May 11, 1910.

**1.—Peremptory Charge—Death—Survival of Action.**

It is only where there is an entire absence of testimony as to some allegation in plaintiff's petition necessary to recovery, or where the facts proven leave no room for ordinary minds to differ as to the conclusions to be drawn therefrom, that the court should peremptorily direct the verdict to be returned. Evidence considered and held to require a submission to the jury of the question whether deceased was injured while a passenger on defendants' railroad, and whether her death was from causes other than such injury, the suit being by her heirs on the right of action accruing to deceased and surviving to them by statute. (Rev. Stats., art. 3353a). ·

**2.—New Trial—Preponderance of Evidence.**

The appellate court does not disturb a verdict because the preponderance of proof is against it, there being evidence sufficient to sustain it. Attention is called to the better opportunity and greater responsibility of the trial court in preventing unjust verdicts.

**3.—Death—Injury—Sickness—Proximate Cause.**

Where death was caused by tuberculosis, with no evidence that a physical injury previously received by deceased was the cause of the disease, the fact that the weakened condition due to the injury contributed to render the disease fatal would not render the injury a proximate cause of the death. It would be a remote cause or mere condition. Doctrine of proximate and remote cause examined and authorities discussed.

**4.—Same—Requested Charge.**

A requested charge relieving defendant from liability if the disease producing death was caused by a personal injury held properly refused because unsupported by evidence. ·

**5.—Same.**

Requested charge relieving defendant from liability if injury concurred with disease in causing death held properly refused because incorrect in law.

**6.—Same—Efficient Cause.**

When there are two concurrent causes of loss, the predominating efficient one will be regarded as the proximate one when the damage done by each can not be distinguished.

**7.—Damages—Charge—Capacity to Labor—Double Recovery.**

An instruction which permitted the jury to award damages for personal injury by reason of "inability to work" and also of "diminished capacity to labor" was not erroneous as authorizing a double recovery. (On motion for rehearing.) The two elements of damages so submitted were not the same, one referring to the period of entire disability, the other to that of diminished ability. The jury were to be credited with some intelligence, and were not likely to be misled by such charge into allowing double damages for the same disability.

**8.—Charge—Assuming Negligence.**

Charge considered and held not to assume the existence of negligence; but, if so defective, to be no ground for reversal, since the proof of negligence was clear and uncontroverted.

**9.—Charge—Damages—General Knowledge of Jury.**

The amount of damages for physical and mental suffering incident to injury to the person can not be proved by witnesses, and it was proper to instruct the jury that same might be determined by them from their general knowledge and experience.

**10.—Evidence—Declarations of Past Suffering.**

Statements by an injured person as to past suffering are merely hearsay; but their admission is here held no ground for reversal, since the same declarations made contemporaneously with the suffering were proven by another witness.

**11.—Requested Charge—Negligence—Carrier of Passengers.**

A carrier of passengers is held to more than ordinary care. An instruction defining its duty as that of "ordinary care" "measured by the circumstances of the occasion" was properly refused.

Appeal from the District Court of Falls County. Tried below before Hon. Richard I. Munroe.

*Baker, Botts, Parker & Garwood* and *O. L. Stribling,* for appellant.—Where it is so clearly established from the undisputed testimony as to admit of no other reasonable hypothesis or conclusion that a fact essential to plaintiff's cause of action is not proven, it becomes the duty of the court to instruct a verdict for the defendant. Art. 3353a, R. S., 1895. Choate v. San Antonio & A. P. Ry. Co., 90 Texas, 83; Southern Pacific Co. v. Winton, 66 S. W., 477; Johnson v. Texas Central R. Co., 93 S. W., 433; Galveston, H. & S. A. Ry. v. Patillo, 101 S. W., 498; San Antonio Traction Co. v. Levison, 113 S. W., 572.

Before the appellees would be entitled to recover a verdict under the statute which authorizes the maintenance by them of this suit they must establish by the evidence that the deceased Nancy Tasker

not only received injuries as a passenger upon appellant's train through its negligence, but that such injuries did not result in her death. There being no evidence establishing the latter fact, the verdict of the jury should be set aside. Same authorities. Also Ellison v. International & G. N. R. Co., 75 S. W., 868; International & G. N. R. Co. v. Ellison, 94 S. W., 910; Gulf, C. & S. F. v. Moore, 68 S. W., 569; Missouri, K. & T. Ry. v. Settle, 47 S. W., p. 825; Galveston, etc. Ry. v. Bracker, 59 Texas, 75; Mutual Life Ins. Co. v. Tillman, 84 Texas, 35; International & G. N. R. Co. v. Arias, 30 S. W., 446; Houston, etc. R. Co. v. Louffler, 59 S. W., 558; Aetna Ins. Co. v. Eastman, 72 S. W., 431; Texas, etc. Ry. Co. v. Lee, 74 S. W., 345.

The requested instruction that if the death of Nancy Tasker was caused by the concurring effects upon her strength and system of her injuries, and of consumption or bowel trouble, verdict should be for the defendant, should have been given. Ellison v. International & G. N. Ry., 75 S. W., 868.

The charge of the court authorizes the jury to award damages for loss of time, inability to work and earn money and diminished capacity to labor, which permits a double recovery for the same loss, contrary to law. International & G. N. Ry. Co. v. Butcher, 84 S. W., 1052; Ft. Worth Ry. Co. v. Morris, 101 S. W., 1039; Gulf, C. & S. Fe Ry. Co. v. Perry, 82 S. W., 344; Houston El. Co. v. Seegar, 117 S. W., 901; Lyon v. Bedgood, 117 S. W., 900.

The amount of damages to be assessed by the jury in an action of this character should be based upon the evidence and not left under the charge of the court to the uncontrolled discretion of the jury, based alone upon their general knowledge and experience, and such a charge is misleading and erroneous. Ft. Worth & D. C. Ry. v. Spear, 107 S. W., 613; International & G. N. Ry. v. Ormond, 62 Texas, 276; Texas & P. Ry. Co. v. Lester, 75 Texas, 61.

Descriptive statements of past mental or bodily symptoms, ailments or condition made by the injured person to another party when testified to by such other person are inadmissible, for the reason that such statements are hearsay, and self-serving declarations. Runnells v. Pecos & N. T. Ry. Co., 107 S. W., 648; Railway Co. v. Martin, 63 S. W., 1089; International & G. N. Ry. Co. v. Boykin, 74 S. W., 95; Hicks v. Galveston, H. & S. A., 71 S. W., 323; Wells, Fargo & Co. v. Boyle, 87 S. W., 166; Kelly v. Railway Co., 20 Am. St. Rep., 514; 16 Cyc., 1162.

*W. E. Rogers,* for appellees.

JENKINS, ASSOCIATE JUSTICE.—This suit was brought by William Maxwell and others, the adult children of Nancy Tasker, for injuries alleged to have been received by said Nancy Tasker, occasioned by the negligence of the defendant company. It is alleged in plaintiff's petition that, subsequent to receiving said injuries, the said Nancy Tasker died "of other causes and not as a result of said injuries so received." This suit was brought under Art. 3353a of the Revised Statutes, which provides that causes of action for personal injuries other than resulting in the death of the injured shall not

abate by reason of the death of the injured party, but the same shall survive to the heirs and legal representatives of such injured party.

The alleged injuries, if any, were received by said Nancy Tasker, on the 14th day of February, 1906, near Hempstead, while a passenger on defendant's train. She died in Marlin in November, 1906. The undisputed evidence shows that while Nancy Tasker was a passenger on defendant's train, as alleged, the pipe in the coach connected with the heater exploded, tearing out the closet, a part of the roof of the car and shattering the windows on each side. No external injuries were inflicted on the body of Nancy Tasker, but she seemed at the time to be very much frightened. She went to the house of her daughter near Hempstead, ate no supper and complained that night of pains in her back and in her stomach, and vomited blood. She remained at the house of her daughter until in June, during most of which time she was confined to her bed. Dr. LeGrand was called to see her on February 20th, and treated her for pneumonia. From Hempstead she went to Marlin, where she died in November following. Dr. Shaw, a physician at Marlin was called to see her three days before her death. He says: "From what I could gather from the history of her trouble, she had pulmonary trouble and her bowels were implicated. The condition of her bowels indicated the last stages of consumption—tuberculosis." He further said: "I had no opinion at all about what was the cause of her condition . . . Nancy Tasker's condition might have been due to the hurt on the train."

Appellant's first assignment of error is: "The court erred in refusing peremptory instruction No. 1 requested by the defendant, as follows: 'The jury are instructed to return a verdict for the defendant in this case,' because said instruction was called for by the evidence." Appellant's second, third and fourth assignments of error complain of the action of the court in refusing to grant a new trial for the reasons: 1st, The evidence fails to show that Nancy Tasker received any injury while a passenger on defendant's train; and, 2nd, that if she was so injured she died from the injuries so received. If either of these positions be correct the plaintiffs were not entitled to recover under their allegations in this case. In other words, it was incumbent on plaintiffs to establish by a preponderance of the evidence that the deceased was injured while a passenger on defendant's train, and that she died from other causes than from said injuries.

We do not think the court erred in failing to give the peremptory instruction, as above set out. It is only where there is an entire absence of testimony as to some allegation in plaintiff's petition necessary to a recovery, or where the facts proven leave no room for ordinary minds to differ as to the conclusion to be drawn therefrom, that the court should peremptorily instruct the jury. Choate v. Railway Co., 90 Texas, 88; Lee v. Railway Co., 89 Texas, 588; Morris v. Insurance Co., 43 S. W., 900; Cahill v. Benson, 19 Texas Civ. App., 30, 46 S. W., 891; Gaunce v. Railway Co., 20 Texas Civ. App., 33, 48 S. W., 526; Mustain v. Stokes, 90 Texas, 362, 38 S. W., 759; Southern Pac. Co. v. Winton, 27 Texas Civ. App., 503, 66 S. W., 483. The evi-

dence in this case clearly demanded that the issues as to whether or not the deceased received injuries in said accident, and if so, whether she died from such injuries, or from some other cause, be submitted to the jury.

The appellant as one of its grounds for a new trial in the court below alleged that the verdict was clearly against the *preponderance* of the evidence, and assigns error on the failure of the court to grant it a new trial on this ground. Trial courts should, perhaps, be more liberal in granting new trials where the verdict is manifestly against the weight of the evidence, to that extent which shows that injustice has been done. The judge should not abdicate the functions of his office and permit the prerogatives of the jury to be perverted to the accomplishment of wrong. Justice Washington once said that it took thirteen men in his court to rob a man of his property. This is a courageous position for a trial judge to take in a proper case. On the other hand, a judge should not assume that "he is the people and wisdom shall die with him." The Constitution of this State provides that the right of trial by jury shall remain inviolate; our statute makes the jury the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony, and a trial judge should not ruthlessly invade their province, merely because he would have drawn a different deduction from the testimony of the witnesses. We do not mean to intimate that the trial judge probably ought to have drawn a deduction from the evidence in this case different from that drawn by the jury, as shown by their verdict. On the contrary, we think the verdict of the jury is sustained by the preponderance of the evidence. But, if we did not think so, the trial judge having had the witnesses before him and observed their conduct and manner of testifying, and having overruled the contention of appellant as set forth in its motion for a new trial that the verdict was against the preponderance of the evidence, still, it would not be proper for this court to reverse on that account, there being sufficient evidence to sustain the verdict of the jury. "We do not disturb a verdict because the preponderance of proof is against it." Galveston, H. & S. A. Ry. Co. v. Bracken, 59 Texas, 76. There is nothing in this case to indicate that the jury were influenced by prejudice. The verdict was for only $337.50.

There can be no doubt that the testimony sustains the finding of the jury as to injuries having been received by the deceased in the accident which occurred on the train, but when it comes to the question of *the cause* of her death, if we abandon the practical rules of law, and take an excursion into the wide fields of causation, we may find ourselves involved in a maze of speculation and doubt. Dr. Shaw said that she died of tuberculosis, but he could not say that her condition might not have been due to the injuries received by her on the train. From which we infer that he meant to say that tuberculosis *might* have been caused by such injuries. As this doctor did not know anything about the nature of such injuries, and did not see her until some ten months after her injuries were received, of course, he could not say that such injuries did produce the disease of which she died. As the evidence shows that she suffered from nervous prostration im-

mediately and for a considerable time after such accident, he might have meant that her weakened condition, by reason of such injuries, if such was the fact, rendered her susceptible to tuberculosis; and, as the evidence shows that she was in good health prior to said accident, it might be inferred that, but for such injuries, she would not have contracted tuberculosis. But if this be true, does it follow that the injuries received in the accident were the *cause* of her death? "The whole doctrine of causation, considered in itself, metaphysically, is of profound difficulty, even if it may not be said of mystery. The maxim of the school men *causa causantis, causa est causita* is, in a sense, true. Perhaps no event can occur which may be considered as insulated and independent; every event is itself the effect of some cause or combination of causes, and in its turn becomes the cause of many ensuing consequences, more or less immediate or remote. The law, however, has adopted the practical rule of regarding the proximate, and not the remote cause of the occurrence which is the subject of inquiry." Marble v. City of Worcester, 4 Gray, 398. "The proximate and not the remote cause." That looks easy. *"In jure non remota causa, sed proxima specta,"* is a maxim very plain in its statement, but, like other maxims, oftentimes difficult in its application. What is the proximate cause of an event? "When it is said that the cause to be sought is the direct and proximate cause, it is not meant that the cause or agency which is nearest in time or place to the result is necessarily to be chosen. The active, efficient cause which sets in motion a train of events which bring about a result, without the intervention of any force started and working actively from a new and independent source, is the proximate cause referred to in the cases." Lynn Gas & E. Co. v. Insurance Co., 158 Mass. 570, 20 L. R. A., 303; Waters v. Insurance Co., 11 Pet., 219, 9 United States, Law. ed., 697. "One test as to proximate cause is to determine whether the alleged result is the probable and natural consequence of the operation of the alleged cause, and ought it to have been foreseen, in the light of the attendant circumstances." McDonald v. Snelling, 14 Allen, 295, 92 Am. Dec., 768. "Though there be negligence, without which the injury might have been prevented, if the immediate cause is the independent act of a third party, the party negligent will not be responsible for the damage." First National Bank v. Telephone Co., 30 Ohio, 555, 27 Am. Rep., 491. "Where a cause is sufficient to produce a result, the law will not regard the cause of that cause." Howard F. Insurance Co. v. Transportation Co., 12 Wall., 194, U. S. 20 Law. ed., 378; Freeman v. Mer. Ass'n, 156 Mass., 353, 30 N. E., 1013, 17 L. R. A., 753. "Where a thing is remotely conducive to an injury, but could not have produced the disaster without the interposition of an independent agency, it can not be said to be the cause."

Trouble in reference to this matter has oftimes arisen in not distinguishing a condition from a cause. "Condition is not a cause." Marble v. City of Worcester, 4 Gray, 399; Line v. Johnson, 12 East, 648. Where there was an unnecessary delay in a voyage, and a ship encountered a storm which it would not have encountered but for the delay, held that the delay was not the proximate cause of the damage

resulting from the storm. Daniels v. Valentine, 23 Ohio St., 532, 13 Am. Rep., 268. Doubtless Mary spoke the truth when she said to Jesus: "If Thou had been here my brother would not have died," still, it was sickness, and not the absence of Jesus, that caused the death of Lazarus.

Many more decisions, in criminal as well as in civil cases, might be referred to as illustrative of the doctrine of proximate cause, for this has been a fruitful source of litigation. We might also refer with profit to the text books, such as Parsons on Contracts, and Greenleaf on Evidence, and especially to Mr. Wharton's lucid and philosophical exposition of the doctrine of causation, but we think the excerpts above given are sufficient to sustain our conclusions as applied to the facts of this case, which are: If the evidence had shown that tuberculosis, of which Nancy Tasker died, was produced by the injuries which she received while on defendant's train, without the intervention of any independent cause, we would hold that such injuries were the cause of her death. And if it had been shown that tuberculosis was the usual and natural consequence of such injuries, in the absence of any evidence as to other cause for such disease, we might be warranted in holding that her death resulted from such injuries. For example. If it be shown that one received a wound, in which, without fault of the physician or nurse, blood poison set up, causing death, the wound would be the proximate cause of the death. But if it appear that said wound greatly reduced the physical condition of the party receiving the same, and that he thereafter took the measles and died therefrom, when he probably would not have died but for his weakened physical condition, in such case the measles, and not the wound, would be the cause of death. The patient's enfeebled system would be an unfavorable condition, but the measles would be the cause of death.

There is no testimony in this case to show that the injuries received by Nancy Tasker did, in fact, or were even calculated to produce tuberculosis, of which disease the testimony showed that she died.

Appellant complains in its fifth assignment of error of the refusal of the court to give a special charge requested by appellant to the effect:

1st.—If they believed "that Nancy Tasker died from consumption or some bowel trouble caused by the injuries received by said Nancy Tasker while a passenger on defendant's train," etc., to find for defendant. We do not think there was error in the failure of the court to give this portion of the requested charge. The court plainly charged the jury that if Nancy Tasker died from the effect of such injuries, to find for the defendant; and there was no evidence on which to submit the issue as to whether or not her tuberculosis was produced by said injuries.

2nd.—That "if the death of Nancy Tasker was caused by the concurring effects upon her strength and system of such injuries, and of such consumption or bowel trouble, to find for the defendant." We hold that this is not the law as applicable to the facts of the case. We presume that this charge was asked upon the legal proposition

that where two or more causes *concur* to produce an effect, and it can not be determined which contributed most largely, or whether, without the concurrence of both it would have happened at all, and a particular party is responsible for one of the causes and not for the other, no recovery can be had, upon the ground that it can not be judicially ascertained what was the cause of the occurrence. Marble v. City of Worcester, 4 Gray, 397. But, as we view the evidence in this case, it does not show that the injuries received could be held to be a "concurring cause of her death." If they had any effect at all, it was only to produce a weakened condition, which possibly might have rendered her more susceptible to disease, but, even on this point, there is a total lack of evidence. When there are two concurrent causes of loss the predominating efficient one will be regarded as the proximate one when the damage done by each can not be distinguished. Ellison v. Railway Co., 33 Texas Civ. App., 1, 75 S. W., 870; Howard F. Insurance Co. v. Transportation Co., 12 Wall., 194, 20 United States Law. ed., p. 378. Of course, this principle of law would not relieve the court of the necessity of submitting to the jury, upon proper request, the issue as to which was the predominating and efficient cause, where the evidence raises that issue. The evidence did not raise that issue as to the death of Nancy Tasker, and no such charge was requested.

Appellant in its sixth assignment of error complains of the charge of the court as authorizing a double recovery. The charge on this point is as follows: . . . "You have the right to consider the bodily and mental pain, if any, endured by said Nancy Tasker, loss of time and inability to work and earn money, if any, and her diminished capacity for labor, if any, resulting from said injuries, if any, and the necessary and reasonable expenses incurred in doctors' bills and medicines, if any, resulting directly from defendant's wrongful and negligent acts, if the evidence shows these circumstances existed." At the request of appellant the court charged the jury that they would not take into consideration any of the elements of damages above enumerated arising from disease not primarily occasioned by the injuries alleged to have been inflicted by appellant. A charge which allows a jury to assess damages twice for the same cause, is error, (International & G. N. Ry. Co. v. Butcher, 98 Texas, 462, 84 S. W., 1052; Ft. Worth & R. G. Ry. Co. v. Morris, 45 Texas Civ. App., 596, 101 S. W., 1038; Galveston, H. & S. A. Ry. Co. v. Perry, 36 Texas Civ. App., 414, 82 S. W., 345) but we do not think that this charge allowed the jury to assess double damages. See Houston El. Co. v. Segar, 117 S. W., 901; Lyon v. Bedgood, 117 S. W., 900, and the authorities cited in said decisions.

Appellant further complains of that portion of the charge above set out as being on the weight of the evidence in assuming that the defendant was guilty of negligence. We think the jury understood that the words, "If the evidence showed these circumstances existed," referred to the circumstances which would constitute negligence. However, under the testimony in this case, there could be no question as to the negligence of the railroad company; and it is not error for the trial court to assume a fact which is clearly established

by uncontroverted evidence. Wintz v. Morrison, 17 ·Texas, 388; Railway Co. v. Stewart, 57 Texas, 170; Bonner v. Green, 24 S. W., 837; Telephone Co. v. Burgess, 60 S. W., 1025; Railway Co. v. Molloy, 64 Texas, 614.

Appellant complains of that portion of the court's charge which instructs the jury that "it is not necessary that the amount of damages resulting from personal injuries should be proven by witnesses, but it is to be determined by you from your general knowledge and experience, and the damages herein referred to are actual damages." The amount of damages suffered from personal injuries, outside of expenses incurred for medical bills, nursing,..etc. are, in their very nature, not provable by witnesses. Should a witness undertake to state what would compensate a party for physical or mental suffering in such case, he would simply be giving his opinion in a matter about which, if the circumstances have been proven, he is in no better position to form a correct conclusion than are the jury. The jury must form their conclusion from their general knowledge and experience. It is true, their knowledge and experience must be applied to the facts in evidence, and not to anything else; and a charge which allows them to assess the damages upon their experience, without reference to the facts in evidence, is eroneous. Railway Co. v. Spear, 107 S. W., 615. But a charge is to be construed as a whole. Immediately preceding that portion of the charge above complained of the jury are given · a correct basis for the assessment of damages, to wit: physical and mental suffering, and reduced capacity to earn money; and we think the paragraph complained of does no more than authorize the jury to apply their general knowledge and experience in determining the amount of damages that they would assess for these things, under the circumstances in evidence.

Appellant in its eighth and ninth assignments of error complains of the action of the court in permitting Celia Clark, a daughter of deceased, to testify that her mother told her, three days after the accident, that when she got home the day of the accident (meaning when she got to the house of her daughter, Rosa Williams) "she was in pain all over and thought she would die; that she was suffering all over with pain; that she pulled off her corsets and laid down, and she had a pain in her back and in her stomach." This evidence was hearsay and ought not, for that reason, to have been admitted, and if the facts so testified to by this witness were in any wise contradicted by any other  testimony in the case, and if they were not proven *aliunde,* the admission of this testimony would be the cause for reversal. But these same facts are testified to by Rosa Williams, who was present at the time and place mentioned, and are in no wise contradicted by any other testimony in the case. Under these circumstances, we hold that the error in admitting this hearsay testimony was not material.

Appellant complains of the refusal of the court to give the following special charge: "The jury are instructed that negligence in its legal sense, means the failure to use ordinary care in performing a duty, which failure is the proximate cause of injury to a person to whom the duty was due. The duty is dictated and measured by

the circumstances of the occasion." "The circumstances of the occasion" in this case were that the deceased was a passenger on the appellant's train. Under such circumstances the appellant owed her more than the use of "ordinary care." On this subject the court below charged the jury in the very language of the Halloren case [International & G. N. Ry. Co. v. Halloren] 53 Texas, 53, cited and approved by our Supreme Court in International & G. N. Ry. v. Welch, 86 Texas, 204.

Finding that no material error was committed in the trial of this case, we affirm the same.

*Affirmed.*

OPINION ON MOTION FOR REHEARING.

The appellant in its motion for rehearing in this case vigorously assails the decision of this court, in holding that there was not reversible error in the charge of the court therein set out as to the measure of damages. The contention of appellant is, that said charge instructed the jury to assess double damages, in that it permitted a recovery for both "inability to work," and "diminished capacity to labor." As the question of double damages is a matter of considerable importance, by reason of the frequency with which it is urged as an objection to charges of trial courts in personal injury cases, we feel called upon to add something to what we have said on this subject in the opinion heretofore rendered in this case.

Appellant is not without high authority which tends to support its contention, but we think this case can be differentiated from the leading cases relied upon in the brief of its able counsel, and we are not disposed to extend this doctrine beyond the limit which it has already reached. We doubt not, that many cases have been reversed for the alleged reason that the jury were misled by the charge of the court, when nothing of the kind occurred. In the language of Justice Williams of our Supreme Court: "On such questions as this it is fair to allow something for the intelligence of the jurors, and assume that common sense would save them from the commission of such an error, unless the court by its charge should misdirect them." Knittell v. Schmidt, 16 Texas Civ. App., 7, 40 S. W., 509. Why assume that the court has misdirected the jury when it is plain that the court understood and intended to give to the jury the correct rule of law, and has used language that is not calculated to mislead a man of ordinary intelligence, and can be held to have done so only by putting a hypercritical construction on the language used? We doubt not that juries, in cases of this character, sometimes render excessive verdicts, but the true solution of such verdicts will generally be found in the fact that they were led by their sympathies or prejudices, and not that they were misled by the charge of the court. If such cases are to be reversed, let it be charged to the passions of the jurors, where it belongs, and not to their want of intelligence, by saying that they were misled by the charge of the court. And it were better that error be committed on this ground than on the other, for in such case injury is done to no one but the plaintiff in the particular case; whereas, if error be committed by being over technical as to the charge

of the court, a precedent will be made which will remain to pester many worthy litigants in courts of justice.

Counsel for appellants ask: What is the difference between "inability to work" and "diminished capacity for labor?" The same that there is between "loss of time" by reason of injuries and "diminished capacity to labor," which has so often been urged to mean one and the same thing. But Justice Williams in Knittell v. Schmidt, supra, thought there was a difference. He said: "In most cases of personal injury loss of time results from total suspension of the power to work, while if this power is not entirely gone, for the time there is a diminished capacity. This difference between the two elements is suggested to the ordinary mind by the two expressions used." Paraphrasing this sentence, we may say that inability to work means the total suspension of the power to work, and diminished capacity to labor means lessening, without totally destroying the power to labor. Inability means without ability; lessened capacity, means that partial ability remains. As such expressions are commonly used, a jury would not probably understand them as meaning the same, and that they were instructed to allow damages twice for one and the same cause. Gulf, C. & S. F. Ry. Co. v. Brown, 16 Texas Civ. App., 93, 40 S. W., 614; Texas Central Ry. Co. v. Stewart, 1 Texas Civ. App., 642, 20 S. W., 964; Gulf, C. & S. F. Ry. Co. v. Wilson, 79 Texas, 371, 15 S. W., 280, 23 Am. St. Rep., 345, 11 L. R. A., 486; San Antonio & A. P. Ry. Co. v. Belt, 24 Texas Civ. App., 281; 59 S. W., 612; Missouri, K. & T. Ry. Co. v. White, 22 Texas Civ. App., 424, 55 S. W., 594; Gulf, C. & S. F. Ry. Co. v. Warner, 22 Texas Civ. App., 167, 54 S. W., 1066-7.

Appellant relies in support of its position upon Ft. Worth & R. G. Ry. Co. v. Morris, 45 Texas Civ. App., 596, 101 S. W., 1039, which was reversed because the charge with reference to loss of time and diminished capacity to labor, directed the jury to assess double damages. The court in that case said it was "constrained" to so hold by force of the opinion in International & G. N. Ry. Co. v. Butcher, 98 Texas, 462, 84 S. W., 1052. In delivering the opinion the court says: "This charge, in terms, directed the jury, not simply what to consider in assessing the damages, but to assess the damages, etc. In Railway Co. v. Butcher, supra, the court says: The Honorable Court of Civil Appeals cites in support of its conclusion Texas & Pac. Ry. Co. v. Morin, 66 Texas, 225, 18 S. W., 503. The difference between the charge quoted in the opinion in that case and that before us is, that the court told the jury to *consider* (italics ours) the facts grouped in each proposition in arriving at the sum of compensation for all effects of the injuries, etc. And so in this case, the difference is that here the court did not, in terms, direct the jury to assess damages on account of the items mentioned, but only informed them that they had "the right to consider" such matters in assessing the damages. It is hardly conceivable that a jury of the commonest intelligence would conceive it to be right and proper to allow compensation twice for the same loss." Knittell v. Schmidt, supra, and we do not think the jury could have interpreted the charge in this case as directing them so to do.

Believing, after a careful review, that we committed no error in the opinion rendered herein, the motion for a rehearing is overruled.

*Overruled.*

Writ of error refused.