## DAY v. BECKER.

(Court of Civil Appeals of Texas. San Antonio. March 6, 1912. On Motion for Rehearing, April 3, 1912.)

1. APPEAL AND ERROR (§§ 742, 743*) — ASSIGNMENT OF ERROR—STATEMENT.

An assignment of error, complaining of the refusal to allow a witness to testify to a fact, will not be considered on appeal, where the statement does not show what the witness would have sworn to if allowed to testify, and a reference to the bill of exceptions is insufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3000, 3011; Dec. Dig. §§ 742, 743.*]

2. APPEAL AND ERROR (§ 499*) — QUESTIONS REVIEWABLE—RULINGS ON EVIDENCE.

An assignment of error, complaining of the refusal to allow a party to testify to a fact, will not be considered on appeal, where the bill of exceptions, referred to in the statement, does not contain the objection made to the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2299; Dec. Dig. § 499.*]

3. EVIDENCE (§ 471*)—CONCLUSION OF WITNESS.

The testimony of a plaintiff suing for slander, based on defendant charging her with the larceny of jewelry, that defendant became angry because plaintiff did not purchase jewelry after looking over defendant's stock, made in response to a question to what plaintiff attributed the accusation, was properly stricken out as a conclusion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

4. LIBEL AND SLANDER (§ 104*)—EVIDENCE—ADMISSIBILITY.

Where plaintiff suing defendant, a merchant, for slander, based on defendant charging plaintiff with larceny of jewelry, testified that defendant was angry and talked loud, the exclusion of evidence of the appearance of defendant was proper because immaterial, as not proving malice which must be implied from the charge itself.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 284–291; Dec. Dig. § 104.*]

5. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR — STATEMENT—RULINGS ON EVIDENCE.

An assignment of error, complaining of the ruling on the testimony of a witness, will not be considered, when it is not followed by any concrete proposition or statement, but refers to another assignment referring to the testimony of another witness.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

6. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—INSTRUCTIONS.

Where, in an action for slander based on defendant, a merchant, charging plaintiff with the larceny of jewelry, plaintiff testified that she entered the store of defendant to purchase jewelry, and her statement was uncontradicted, a charge that, if she went in to purchase jewelry and the slanderous words were spoken, the jury must find for her, was not prejudicial to plaintiff, though the jury might have found that plaintiff went into the store for some other purpose.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

7. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—ERRONEOUS INSTRUCTIONS.

Where, in an action for slander, the jury found for defendant, a charge restricting a recovery to compensatory damages was not prejudicial, because there could be no exemplary damages unless actual damages were found.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

8. LIBEL AND SLANDER (§ 100*)—"DIVERS"—"SEVERAL"—ISSUES, PROOF, AND VARIANCE.

A plaintiff, in an action for slander, who alleges that the words were spoken by defendant in the presence and hearing of "divers" persons, must prove that the words were spoken in the presence of at least three persons; the

word divers meaning "several," which means any number more than two.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 246–272; Dec. Dig. § 100.*

For other definitions, see Words and Phrases, vol. 3, p. 2142; vol. 7, pp. 6454–6456.]

9. TRIAL (§ 255*)—INSTRUCTIONS — REQUESTS —NECESSITY.

A plaintiff, in an action for slander, who attempted to prove the allegation that defendant uttered the slanderous words in the presence of divers persons, may not complain of the failure of the court to define the word "divers" as used in the charge, submitting the issue of the uttering of the slanderous words in the presence of divers persons, in the absence of any requested charge defining the word.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

On Motion for Rehearing.

10. LIBEL AND SLANDER (§ 125*)—INSTRUCTIONS—VERDICT—DAMAGES.

A verdict for defendant, in an action for slander, rendered pursuant to an instruction authorizing a verdict for defendant only on his proving that he did not in the presence and hearing of divers other persons use the language complained of in the petition, is a finding that defendant did not use the language imputed to him, and there may be no recovery of actual damages, nominal or otherwise.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 374; Dec. Dig. § 125.*]

11. LIBEL AND SLANDER (§ 120*)—EXEMPLARY DAMAGES—WHEN AUTHORIZED.

Exemplary damages for slander are not recoverable unless the defamatory words were spoken maliciously or wantonly.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 350, 351; Dec. Dig. § 120.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by Mrs. Lida Day against N. Becker. From a judgment for defendant, plaintiff appeals. Affirmed.

Augustus McCloskey, of San Antonio, for appellant. Carlos Bee, of San Antonio, for appellee.

FLY, J. Appellant sued appellee for damages alleged to have accrued by reason of appellee, after showing her a tray of rings in his jewelry store, saying to her, in the presence of others: "There is a ring gone from this tray. You have stolen a ring; you are a thief." Appellee denied that he had used the language attributed to him, and a jury found in his behalf. Upon that verdict the judgment was rendered, and this appeal was perfected.

There is sufficient evidence to sustain the verdict of the jury.

[1-3] The first assignment of error assails the action of the court in refusing to allow appellant to swear that appellee "became angry because she did not purchase a ring after looking over his stock of rings." The statement is not sufficient to require consideration of the assignment. It does not show what appellant would have sworn, if she had

been permitted to testify, and a reference to the bill of exceptions does not comply with the rule in regard to statement. This has been decided time and again. Even if the bill of exceptions is consulted, it fails to sustain the assignment because the objection made to the evidence is not set forth in it. It shows the objection made to a question asked after the evidence had been ruled out, but none that was made to the evidence itself. It would seem, however, that it would make but little difference whether appellee was angry or not when he made the accusation alleged, and if the testimony had any materiality, the record shows that appellant, on the cross-examination, did swear, "Becker was mad, talking loud." The testimony desired was in answer to a question as to what appellant attributed the accusation, and the evidence was clearly a conclusion and properly stricken out. This also disposes of the second assignment of error.

[4] The third assignment of error is overruled. The expression on the countenance of appellee before and after the refusal to buy was utterly immaterial. Appellant swore he was angry and talked loud, and that was sufficient. The appearance of the countenance of appellee did not tend to prove or disprove malice. Malice would be implied from the charge of theft. Shelton v. Simmons, 12 Ala. 466; Newell, Slander & Libel, p. 93 et seq.

[5] The fourth assignment of error is overruled. It is not followed by any concrete proposition or statement. The reference to the first assignment for a statement is without pertinency, because that is in reference to the testimony of appellee and does not touch upon the testimony of Miss Altha Day.

[6, 7] There is no merit whatever in the fifth assignment of error. It may have been in evidence that appellant entered the jewelry store to purchase a ring, still, from the acts and conduct of appellant, the jury may have found that she went into the store for some other purpose. Still, if there had been nothing to contradict her statement that she went into the store to purchase a ring, the charge to the effect, if the jury found she went in to purchase a ring and the words were spoken, they should find for her, could not have injured her case. The words were those of inducement leading up to the speaking of the language. As the jury did not find for any sort of damages, we fail to see how the restriction of the recovery to compensatory damages injured appellant, as there must be a finding for actual or compensatory damages upon which to base a finding for exemplary damages, and if there were no actual damages, there were no exemplary damages. Flanagan v. Womack, 54 Tex. 45; Jones v. Matthews, 75 Tex. 1, 12 S. W. 823; Trawick v. Martin Brown Co., 79 Tex. 460, 14 S. W. 564.

[8, 9] Appellant alleged that the words

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

were spoken "in her presence and hearing, and in the presence and hearing of divers other persons in and about said store," and she had to prove that allegation in order to recover. The testimony showed that, if the words were spoken at all, they were spoken in the presence and hearing of Miss Altha Day and the nephew and niece of appellee, and, as one of the meanings of divers is "several," three persons might satisfy an allegation of "divers persons." Webster states that "several" is any number more than two. Appellant should not be heard to object to the charge using the term "in the presence and hearing of divers persons" when she alleged it and attempted to prove it. Appellant seems to ignore the fact that she placed appellee on the stand and that he swore his nephew and niece were in the store as well as appellant and her daughter. Lida Day testified that the nephew and niece came in after she went in, and stated that the nephew said things that showed he knew what the accusation was. If appellant desired the word "divers" defined, she should have asked that it be done.

The propositions under the seventh assignment of error are abstract ones, and point out no error in the charge of which complaint is made, and we are unable to detect any vice in the charge. It is a correct enunciation of law.

The eighth assignment complains of the refusal to give a requested charge in regard to exemplary damages. As hereinbefore said, a refusal to submit that issue could not have injured appellant because the jury refused to allow actual damages. Girard v. Moore, 86 Tex. 675, 26 S. W. 945; McCarty v. Miller, 57 S. W. 973.

In the cited case of Girard v. Moore, the Supreme Court said: "It has been repeatedly held by this court that when no actual damage is shown there can be no recovery of exemplary damages. * * * Without entering upon any discussion of the question, either upon principle or authority, we deem it sufficient to say that we deem the rule laid down by this court as safe and salutary, and that we are not disposed to disturb it." Appellant, however, asserts that it is the law of this state "that, because plaintiff has shown no actual damages, it does not follow that she cannot recover," and Sanders v. Hall, 22 Tex. Civ. App. 282, 55 S. W. 594, is cited in support of the assertion. No such doctrine is found in that decision.

The judgment is affirmed.

### On Motion for Rehearing.

[10, 11] It is urged by appellant that it was error to refuse a special charge that if the jury found "from the evidence that defendant called plaintiff a thief and accused her of having stolen a ring as charged in the petition, and that by reason thereof she has suffered any of the actual damages alleged in her petition," exemplary damages could also be awarded by the jury. It was alleged in the petition that the charge was made "in the presence and hearing of divers persons, among the number the daughter of appellant, and the court in the charge instructed a verdict for appellee only on his proof that he "did not in the presence and hearing of divers other persons use the language complained of in the plaintiff's petition." That was the only condition presented to the jury upon which they could find for appellee, and a verdict for him was necessarily a finding that he did not use the language imputed to him, and therefore under that finding there could be no actual damages, nominal or otherwise, and consequently there was nothing upon which to base a finding for exemplary damages. Appellant recognized that principle in the special charge requested. Exemplary damages in slander cases depend upon proof of the utterance of the defamatory words, and that they were published maliciously or wantonly. If, as the jury must have found, no defamatory words were uttered, there were no damages of any kind, and appellant could not have been injured by a refusal to give the charge which imperfectly sought to present the question of exemplary damages.

The motion is overruled.