# TEXAS SUPREME COURT REPORTS.

## TYLER TERM, 1889.

### S. Jones v. W. R. Matthews.

#### No. 6356.

1. **Damages.**—In a suit to recover actual and exemplary damages no judgment can be rendered awarding exemplary damages on a verdict which finds no actual damages.

2. **Same.**—A claim for damages resulting from personal injury can not be assigned.

3. **Same—Pleading.**—A plea by a defendant who is sued for damages alleged to have resulted from injuries to the person, setting up a transfer by the plaintiff to his attorneys of all sums of money to be recovered in the suit, that the attorneys of plaintiff were the real parties in interest, and they alone were to be liable for costs, should be stricken out on exception.

APPEAL from Lamar. Tried below before Hon. H. O. Head.

The opinion states the case.

*Hale & Hale, J. M. Long,* and *R. Woolbridge,* for appellant. — 1. In an action for damages in which, in addition to actual, exemplary damages are also claimed for the same tort, a verdict for exemplary damages alone, unsupported by any actual damages, is invalid, and a judgment thereon is without foundation, and the court ought to have granted to defendant a new trial. Stuart v. Tel. Co., 66 Texas, 588; Railway v. Levy, 59 Texas, 550; Willis & Bro. v. McNeil, 57 Texas, 480; 1 Suth. on Dam., 748.

2. An action for a tort sounding in damages to the person and property is not assignable, and a suit can not be maintained in the name of the person injured wholly for the benefit of his attorneys, when they are to be the sole beneficiaries, and they alone responsible for costs, and the real party injured has no interest in the suit or in the recovery sought. Railway v. Freeman, 57 Texas, 156; Stewart v. Railway, 62 Texas, 246; Railway v. Hall, 64 Texas, 615; Greenh. on Pub. Pol., 397, 398, 430, 474; Weeks' Damnum Absque Injuria, sec. 5, p. 9; Field on Dam., sec. 634; 1 Suth. on Dam., 3.

*Sturgeon & Sturgeon, E. D. Scales,* and *John S. Stone,* for appellee.—1. Every violation of a right imparts some damage, and if none other be proved the law allows nominal damages, and these nominal damages are sufficient to support a verdict for exemplary damages. Flanagan v. Womack, 54 Texas, 51; Levy case, 59 Texas, 550; Champion v. Vincent, 20 Texas, 811.

2.   When the finding of the jury under the issue submitted could not possibly have been arrived at without also finding another fact not expressed, but necessarily included in the verdict, judgment could be rendered as if the fact had been positively found. Jones v. Ford, 60 Texas, 131.

3.   An action for a tort sounding in damages to the person and property is assignable or not according to the fact whether the damage claimed is to the person or property.   If to the property the claim is assignable, if to the person it is not.   Railway v. Freeman, 57 Texas, 156;  Railway v. Stewart, 62 Texas, 246.

4.   The law of champerty does not obtain in this State.   Bentinck v. Franklin, 38 Texas, 458;  62 Texas, 246.

5.   If such contract as set up in plea in abatement was illegal and void the appellant could not plead it in defense.   It was none of his concern what contract there was between the injured party and his attorneys. The illegality of such contract could only be raised between said attorneys and the injured party.   McMullen v. Guest, 6 Texas, 276.

ACKER, PRESIDING JUDGE.—W. R. Matthews brought this suit against S. Jones to recover $2000 for permanent depreciation in value of property, $288 loss of rents, $1000 for bodily discomfort and loss of sleep, aggregating $3288 actual damages, and $1000 exemplary damages for outrages done to the feelings of plaintiff and his family by reason of defendant having rented a house belonging to him, situated in the vicinity of plaintiff's homestead and his four tenement houses, to prostitutes for purposes of prostitution; and also to perpetually enjoin defendant from renting to said characters.

Defendant pleaded specially that plaintiff had no interest in the suit or in the recovery sought; that it was agreed between plaintiff and his attorneys in the case that they should bring the suit and prosecute it to judgment in plaintiff's name and have the entire recovery, and they were to pay all costs, if any were to be paid, and in no event was plaintiff to receive anything from the suit or from any compromise that might be made thereof nor be liable for any costs; that said attorneys are the real parties in interest.   Defendant also answered by general denial and special answer not necessary to notice further.

Plaintiff moved to strike out the special plea upon the grounds:

1.   It shows no reason why the suit should abate.

2.   It is immaterial, irrelevant, and incompetent.

3.   Because it is no concern of defendant what contract plaintiff has made with his attorneys.

4.   Because said plea does not show sufficiently that plaintiff has no interest.

5.   "Because the pleadings show that no fact could be alleged the proof of which could show that plaintiff had no interest in the suit."

6.   Because the law of champerty does not obtain in this State.

The motion was sustained and the plea stricken out, to which appellant excepted.

The jury returned the following verdict:   "We the jury find for the plaintiff the sum of $700 exemplary damages," and judgment was rendered against appellant for that amount, from which this appeal is prosecuted.

Under the first assignment of error it is contended that the court erred in rendering the judgment, because no actual damages were found by the jury, and the verdict for exemplary damages alone can not support the judgment.

The petition stated the claim for damages, actual and exemplary, with clearness and precision, showing the several items which make up the $3288 actual damages claimed, and in a separate item claimed $1000 exemplary damages for outrages done the feelings of plaintiff and his family.   The jury could not have misunderstood the plaintiff's claims for both actual and exemplary damages, for the court, after correctly instructing the jury as to the law applicable to the claim for actual damages, gave the following charge:   "If you find in favor of plaintiff actual damages under the foregoing instructions, and believe from the evidence that defendant knew, etc., you would be authorized, in addition to the actual damages aforesaid, to allow such sum as exemplary damages as you may deem right and proper, by way of punishment to defendant."

We think it evident that the jury deliberately declined to find any actual damages, and intentionally returned the verdict for exemplary damages alone.

Mr. Sutherland, in his work on Damages, volume 1, page 748, says: "Where there is provocation or other mitigation which reduces the actual damages to a minimum, there is generally no ground for punitory damages."

We are of opinion that some actual damage must be found as a predicate for the recovery of exemplary damages.

The second assignment relates to the ruling of the court in sustaining the motion to strike out the special plea.

It is believed that the facts stated in the plea did not constitute a transfer or assignment of any part of the plaintiff's claim for damages. Had the facts stated in the plea shown a contract of transfer or assignment by plaintiff of his entire cause of action to his attorneys, such contract would have been void as to the claim for damages for injury to the person.   It seems to be well settled that a claim for damages to the person from a tort can not be assigned.   Railway v. Freeman, 57 Texas, 156; Stewart v. Railway, 62 Texas, 246; Greenh. on Pub. Pol., 430.

We think the court did not err in striking out defendant's special plea.

Because the verdict and judgment award exemplary damages alone, we are of opinion that judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted November 5, 1889.