LOUIS GIRARD v. W. T. MOORE, JR.

No. 140.

1. **Exemplary Damages.**

It has been repeatedly held by this court, that where no actual damage is shown, there can be no recovery of exemplary damages. We regard the rule as safe and salutary and are not disposed to disturb it........ 676

2. **Damages Must be Caused by Act Complained of.**

Where stock in a corporation has been wrongfully garnished. and which is fluctuating in value, the holder is not entitled to damages for the difference in value of the stock at the time of the service of the garnishment and at the time of the trial, when it appears that the service of the writ did not occasion the fall in the stock. The party must show not only that he suffered damages, but also that they were caused by the act complained of................................................ 677

CERTIFIED QUESTIONS from Court of Civil Appeals for Third District, in an appeal from Llano County.

*Ward & Faulk*, for appellant, cited: Harris v. Finberg, 46 Texas, 95; Culbertson v. Cabeen, 29 Texas, 247; Frankel v. Stern, 41 Cal., 168; Horn v. Beard, 11 Rob. (La.), 259; Kisler v. Carr, 34 Cal., 641; Fleming v. Bailey, 44 Miss., 131; Lowenstein v. Monroe, 55 Iowa, 82; Mitchell v. Harcourt, 62 Iowa, 349; Carpenter v. Stevenson, 6 Bush, 259; Schrimpf v. McArdle, 13 Texas, 368.

GAINES, ASSOCIATE JUSTICE. — The Court of Civil Appeals for the Third Supreme Judicial District certifies for our determination the following questions:

" 1. In an action for damages based upon the wrongful suing out of garnishment process, may the defendant, if the pleadings and evidence warrant, recover for exemplary damages, when the only actual damages shown are simply nominal for the wrongful suing out of the writ? In other words, is the recovery for nominal damages only a basis for the recovery of exemplary damages?

" 2. Under article 191, Sayles' Civil Statutes, or for any other reason, is a defendant whose stock in a corporation has been wrongfully garnished, and which is fluctuating in value, entitled to damages for the difference in value of the stock at the time of the service of the garnishment process and the time of the trial, when it appears that the service of the writ did not occasion the depreciation in value of the stock?

" These questions are presented on motion for rehearing."

It has been repeatedly held by this court, that when no actual damage is shown there can be no recovery of exemplary damages. Flanagan v. Womack, 54 Texas, 45; Trawick v. Martin Brown Co., 79 Texas, 460; Jones v. Matthews, 75 Texas, 1. Without entering upon any discussion of the question, either upon principle or authority, we deem it sufficient to say, that we regard the rule laid down by this court as safe and salutary, and that we are not disposed to disturb it. We therefore answer the first question in the negative.

We are also of the opinion that the same answer should be given to the second question. The loss for which a recovery may be had in an action against a wrongdoer must be the result of the wrong inflicted. In order to recover damages, the party complaining must show not only that he has suffered the loss, but also that it would not have been incurred but for the wrongful act of his adversary.

The garnishment of the shares in an incorporated or in a joint stock company operates as a restraint upon the owner's power of sale so long as they remain subject to the writ (Revised Statutes, article 191); but proof of the mere fact that they have declined in value during that time, without further proof that the holder could and would have sold them before the depreciation took place, does not show a loss resulting from the operation of the process.

We have held, that since a levy of a writ of attachment upon land does not interfere with the owner's possession and enjoyment of his property, it does not entitle him to recover damages for the wrongful use of the writ, unless he show some special damage, such as a loss resulting from his being deprived of an opportunity to make an advantageous disposition of the estate. Trawick v. Martin Brown Co., supra. Such a case is not distinguishable in principle from that suggested by the questions before us.

The earning capacity of the stock is not affected by the garnishment, and the effect of the writ is not to depreciate its value. The rise or fall

in the value of the shares of a stock company ordinarily depends upon the opinion of investors as to the value of its assets, the conduct of the business, and the probable success or failure of the enterprise; and it is not to be presumed that that opinion will be influenced by the garnishment of the stock of any particular shareholder. Therefore the decline in value of the shares is not a probable, if a possible, consequence of the garnishment; and no recovery can be had for the loss resulting from such depreciation, in the absence of evidence sufficient to show that but for the writ the loss would not have been suffered.

Delivered May 14, 1894.