## FOSTER v. BENNETT et al.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 16, 1912.)

1. GARNISHMENT (§ 251\*)—WRONGFUL GARNISHMENT—ACTIONS—PETITION.

In an action for wrongfully suing out a writ of garnishment in a prior action against plaintiff as surety on a note, allegations that plaintiff was induced to become such surety by fraudulent representations of defendants were proper as tending to show that he was not in-

debted to defendants, and hence that the garnishment was wrongful.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 471–475; Dec. Dig. § 251.*]

2. PLEADING (§ 228*)—EXCEPTIONS TO PLEADING.

In an action for wrongful garnishment, an exception should not have been sustained to allegations showing that plaintiff was not indebted to defendants in favor of all the parties, even if such allegations were inapplicable to the sureties on the attachment bond joined as defendants.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

3. GARNISHMENT (§ 251*)—WRONGFUL GARNISHMENT—DAMAGES.

Where a wrongful garnishment deprived the garnishee of an opportunity of exchanging nonproductive stock for interest-bearing notes to the amount of the par value of the stock, he was entitled to recover the difference between the par and market value of the stock, including the stipulated interest on the notes.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 471–475; Dec. Dig. § 251.*]

4. PLEADING (§ 214*) — DEMURRER — ADMISSIONS BY DEMURRER.

Where a person suing for wrongful garnishment alleged that he was deprived thereby of an opportunity to exchange nonproductive corporate stock for interest-bearing notes, it would be presumed as against a general demurrer that the notes were of their face value and given by solvent parties under rule 17 for district and county courts (142 S. W. xviii), providing that in passing upon general exceptions to pleadings every reasonable intendment arising upon the pleadings excepted to shall be indulged in favor of its sufficiency.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

5. INTEREST (§§ 31, 36*)—RATE—STATUTORY OR CONTRACT RATE.

Where a wrongful garnishment results in the entire loss of a note, interest is recoverable as damages therefor at the contract rate; but, where its collection is merely held in abeyance, interest at the legal rate is recoverable for the time during which collection is prevented.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 64–67, 76; Dec. Dig. §§ 31, 36.*]

6. APPEAL AND ERROR (§ 1039*)—REVIEW—HARMLESS ERROR—PETITION.

Where a petition in an action for wrongful garnishment sought the recovery of interest at the legal rate on notes the payment of which was suspended by the garnishment, defendant had no cause for complaint even if the recovery should have been at the contract rate, since in any event it should not be less than the legal rate.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. § 1039.*]

7. GARNISHMENT (§ 251*)—WRONGFUL GARNISHMENT—DAMAGES.

In an action for wrongful garnishment, a recovery of the interest on notes, the collection of which was suspended by the garnishment, cannot be denied on the theory that this would authorize a double recovery of interest, since plaintiff may not be able to recover interest from the debtors for the time during which they were prevented from making payment.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 471–475; Dec. Dig. § 251.*]

8. GARNISHMENT (§ 251*) — ACTIONS FOR WRONGFUL GARNISHMENT—PETITION.

In an action for wrongful garnishment, allegations in the petition that plaintiff's earnings in a business way were impaired and damaged to a specified amount were proper as forming a basis for exemplary damages, even if not good as showing actual damages, in view of other allegations showing actual damages and malice.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 471–475; Dec. Dig. § 251.*]

9. GARNISHMENT (§ 251*) — ACTIONS FOR WRONGFUL GARNISHMENT—PETITION.

In an action for wrongful garnishment, allegations in the petition showing an offer to settle the cause of action on which the garnishment was based were proper on the issue of probable cause for the garnishment.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 471–475; Dec. Dig. § 251.*]

10. GARNISHMENT (§ 251*) — ACTIONS FOR WRONGFUL GARNISHMENT—PETITION.

In an action for wrongful garnishment, where the petition shows a cause of action for actual damages, the allegation and prayer for exemplary damages should not be stricken.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 471–475; Dec. Dig. § 251.*]

Appeal from District Court, Baylor County; Jo. A. P. Dickson, Judge.

Action by J. S. Foster against R. G. Bennett and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Glasgow & Kenan and D. A. Holman, both of Seymour, for appellant. Joe A. Wheat and Tom T. Garrard, both of Seymour, and Sporer & McClure, of Jacksboro, for appellees.

SPEER, J. J. S. Foster sued R. G. Bennett, W. A. Bennett, A. Power, E. D. Power, M. Davis, and W. J. Cline, the last two as sureties on attachment bond, for actual and exemplary damages for wrongful and malicious suing out of garnishment proceedings, and to his petition the trial court sustained what is denominated special exceptions, though in fact general demurrers. The plaintiff has appealed.

[1] The first exception is as follows: "To that portion of said petition contained in paragraphs 1, 2, 3, and 4 in which the plaintiff attempts to set out a transaction with the defendants R. G. Bennett, W. A. Bennett, and E. D. Power, which transaction was had and carried on by alleged agents and employés of the defendants M. R. Fuller and one Larkin, for the sale of 104 shares in the Seymour Mill & Elevator Company, and in which he alleges he was induced to buy the said shares through the fraudulent representations of the said Fuller and Larkin, and which fraudulent representations were made at the instance and cognizance of the said defendants R. G. Bennett, W. A. Bennett, A. Power, and E. D. Power, because the same cannot be pleaded in an action to recover damages for the wrongful and malicious issuance of attachments and garnishments; the said cause of action pleaded by plaintiff does not apply to all of the defendants." The suit in which attachment and garnish-

ment were issued was an action by the Bennetts and Powers against appellant as surety on a note for one Abbott for the purchase of 104 shares of stock in the Seymour Mill, Elevator & Light Company, a corporation, and the gist of the allegations attacked by the exception was that he had been induced by the fraud of the above-named defendants to become surety for Abbott in the transaction. The allegations of the petition disclose false and fraudulent representations which were necessarily material to the contract of suretyship, and the appellant alleged but for such representations he would not have signed such note. If these allegations were true, and the demurrer admits them, then appellant was not indebted to these appellees at all, and certainly an attachment and garnishment based on an alleged indebtedness which has no existence in fact is wrongful and subjects the attaching plaintiff to an action for damages. For this reason—that is, to negative the existence of the defendant's debt thereby showing that no cause for the attachment existed—the exception was improperly sustained. It can make no difference that the sureties on the attachment bond were not parties to the fraud, since the facts pleaded were germane to the cause of action for actual damages against all of the defendants, for by the terms of the bond the sureties also bound themselves for the damages in the event the attachment was wrongfully sued out.

[2] But if not applicable to such sureties, certainly an exception in favor of all the parties should not have been sustained, as was done.

Appellees next except "to that part of said petition in which it is alleged that the plaintiff had an opportunity to sell the stock in the Seymour Cotton Oil Company to E. L. Carter for $2,600 in vendor's lien notes, because the same does not set up any cause of action against these defendants." The paragraph intended to be reached by this exception is as follows: "That at the time said garnishment was sued out and served on said Seymour Cotton Oil Company, to wit, April 5, 1911, plaintiff had an opportunity to sell his stock therein, to wit, 26 shares, at par to E. L. Carter in exchange for $2,600 of vendor's lien notes owned by him and for interest-bearing notes drawing interest at the rate of 10 per cent. per annum, payable annually, which E. L. Carter was anxious to take on those terms. Plaintiff's said stock was paying no dividend and furnishing him no ready cash money, so that plaintiff desired to exchange it for interest-bearing and vendor's lien notes and would have done so as aforesaid; but by reason of the wrongful suing out and service of said writ of garnishment said trade was prevented, and thereby plaintiff has lost the benefit of said trade to his actual damage in the difference between the par value of his said stock and

the market value of the same at the time, which was worth at that time on the market not exceeding 80 cents on the dollar, to wit, $520, for which he here sues. Plaintiff further shows and avers that said vendor's lien and interest-bearing notes which he would have received for said stock would have paid him interest at the rate of 10 per cent. per annum, to wit, $260 per annum, which will be wholly lost to plaintiff on account of the wrongful suing out and service of said writ of garnishment from the time of the service thereof, to wit, April 5, 1911, until the trial of said cause, or for the time the same shall be so withheld from him to his actual damage in said sum, to wit, for two years and eleven months, $738.26."

[3] The time for which interest was thus claimed was reached by alleging that the indebtedness upon which defendants had sued and attached plaintiff would not become due for two years and eleven months, so that under the statutes no final judgment could be entered in the case until that time. Undoubtedly, we think, if plaintiff was not indebted to the defendants, or if the attachment was otherwise wrongfully sued out, then all the defendants would be liable for the actual damages sustained by plaintiff, and if the garnishment as against the corporation in which plaintiff held stock was wrongful and resulted in actual damage to plaintiff, defendants, or at least those other than the sureties on the garnishment bond, would still be liable. There can be no question but that, if the garnishment deprived plaintiff of the opportunity of exchanging his nonproductive stock for interest-bearing notes, he could recover compensation in this action for damages. Girard v. Moore, 86 Tex. 675, 26 S. W. 945. In such action his recovery should be equal to what he has lost; that is, the difference in the value of his stock and the notes which he could have collected in exchange including the stipulated interest.

[4] As against a general demurrer we will treat the allegation as showing that the notes were of their face value and upon solvent parties. Rule 17 for the district and county courts (142 S. W. xviii).

Other exceptions were addressed "to that part of plaintiff's petition in which plaintiff seeks to recover interest at the rate of 6 per cent. per annum" on certain notes owing to him, or in which he had an interest, the payment of which was suspended by the writs of garnishment. Various propositions are asserted in support of the court's action in sustaining this demurrer, as "because the only interest that plaintiff could recover is the interest that the note bears which is not alleged," and "because plaintiff could not recover double interest," and "said averment does not show that plaintiff has been deprived of said note nor the interest thereon" and "demands interest in the future which may not accrue and is speculative," and the like.

[5] As indicated immediately above, if the garnishment resulted in the loss entirely of a note, interest would be recoverable at the contract rate, not as such, but by way of damages, for otherwise compensation would not be complete. But here, where the note is not entirely lost to plaintiff, but its collection merely held in abeyance, to meet the rule of compensation, the recovery should be for interest at the legal rate as damages for the time for which the collection was enjoined. Lightfoot v. Murphy, 47 Tex. Civ. App. 112, 104 S. W. 511.

[6] If the recovery in such case should be for damages at the contract rate of interest, certainly appellees cannot complain, since in any event it should not be less than the legal rate sought by appellant herein.

[7] As to the point that this is a double recovery of interest, the sufficient answer is that appellant may not be able to recover interest against his debtors covering the time they were prohibited by the law from making payment. Revised Statutes, art. 279; 20 Cyc. 1069. None of the reasons urged in support of the court's ruling is good. This part of the petition discloses an element of actual damage. The principle is analogous to that which authorizes the recovery of damages measured by the legal rate of interest for the wrongful conversion or destruction of property. Such adjudications are too numerous and too familiar to the profession to be cited.

[8] Appellant's allegations that his earnings in a business way had been impaired and damaged to the extent of $7,500, if not good as plea for actual damages, certainly would form the basis of exemplary damages in view of the allegations of the other actual damages and of malice in suing out the attachment and garnishments, and the exception to this part of the petition was improperly sustained.

[9] The allegation of the petition showing an offer to make settlement by way of compromise by plaintiff was material to the issue of probable cause for the attachment, and the exception to it, therefore, improperly sustained. Lewis v. Taylor, 24 S. W. 92.

[10] It, of course, follows, since the petition shows a cause of action for actual damages, that the allegation and prayer for exemplary damages should not be stricken out.

Our decision to reverse and remand the cause as to all the appellees is not to be taken as an indication that appellees Davis and Cline, who are shown to be sureties on the other appellees' attachment bond only, are liable to appellant. It seems from the allegations that no garnishment bond was given. No damages are claimed for the wrongful levy of the writ of attachment, nor indeed is there any contention that any levy was ever made. The statutes (Rev. St. 1911, arts. 271, 272) authorize the issuance of the writ of garnishment without bond where an original attachment has been previously issued. The terms of the attachment bond (Rev. St. 1911, art. 246) provide for the payment of all such damages and costs as shall be adjudged for wrongfully suing out such attachment. Whatever question there may be of the liability of such surety on an attachment bond for a wrongful garnishment thereafter based upon such original attachment is not presented for decision in this case, and we do not decide it. We merely reverse the trial court's holding in sustaining the general exceptions to the various parts of appellant's petition and in dismissing his cause of action.

For the errors discussed, the judgment is reversed, and the cause remanded.