Houston & Texas Central Railway Company v. W. E. Ellis et al.

No. 2613.  Decided June 26, 1920.

(224 S. W., 471.)

**1.—Fire—Damage to Pasture—Evidence.**

Opinion of a witness as to the difference in the value of pasture land before and after being burned over was substantially the same as giving, his opinion as to the value before the fire and that after, and was not in conflict with previous rulings that a witness could give his opinion as to values, but not as to amount of damages.  (Pp. 17, 18).

**2.—Pasture Land—Damage by fire—Charge—Verdict.**

A verdict assessing damages for burning over pasture land which awarded $2.50 per acre for value of grass destroyed and 50 cents per acre for injury to the roots of the grass, did not allow double damages, and showed that the jury did not treat as allowing such double damages a charge directing allowance for value of grass destroyed and also for damages to the turf estimating the latter as the difference between the value of the land before the burning and that thereafter.  (P. 18).

Error to the Court of Civil Appeals for the Third District, in an appeal from Waller County.

W. E. Ellis and other sued the Houston & T. C. Ry. Co. for damages and recovered judgment.  This was affirmed on appeal by defendant company (160 S. W., 606) which thereupon obtained writ

on assertion of conflict of the ruling therein with previous decisions in Railway v. Hall, 78 Texas 169; Railway v. Fickey, 125 S. W., 327; Boyer & Lucas v. Railway, 72 S. W., 1037; Railway v. Ardrey, 146 S. W., 616, Bell County v. Flint, 91 S. W., 328.

*Baker, Botts, Parker & Garwood*, and *W. B. Garrett*, for plaintiff in error.

It was error prejudicial to the defendant, in the trial court, to permit the witnesses Quinn, Menke and Ellis to testify that, in their judgment, the damages or difference in the value of the pasture land before and after the fire, on account of the permanent injury to the turf and sod, was fifty (50) cents per acre, for the reason that said testimony was the arbitrary opinion or conclusion of said witnesses upon the matter and issue exclusively for the jury to determine, from a consideration of proper evidence. International & G. N. Ry. Co. v. Fickey, 125 S. W., 327; Boyer & Lucas v. St. Louis, S. F. & T. Ry. Co., 72 S. W., 1038; Dallas Term. Ry. Co. v. Ardrey, 146 S. W., 617; Bell County v. Flint, 91 S. W., 329; Gainesville H. & W. Ry. Co. v. Hall, 78 Texas, 169.

The testimony of the witness above referred to was improper, and not admissible over the objection that it was not the proper basis for the correct measure of damages to land because of injury to the turf and soil, for the reason that, in cases of this character, the proper measure of damages is the difference in the market value of the land before the fire, exclusive of the value of the grass, and its market value after the fire. Railway Co. v. Hendricks, 25 S. W., 433; Trinity & B. V. Ry. Co. v. Gregory, 142 S. W., 656; Trinity & B. V. Ry. Co. v. Burke, 142 S. W., 658; Texas & P. Ry. Co. v. Prude, 39 Texas Civ. App., 144; Gulf Pipe Line Co. v. Bryoner, 124 S. W., 1010.

The charge was affirmatively erroneous, in not submitting the correct measure of damages to the land by reason of injury to the turf by fire, for the reason that, in cases of this character, the correct measure of damages is the difference in the market value of the land immediately before the fire, exclusive of the value of the grass thereon, and its market value after the fire.

*J. V. Meek* and *R. E. Hannay*, for defendant in error.

When an action is brought to recover the value of the use of property that is alleged by plaintiff to have been injured, damaged or depreciated in value by the act of defendant, and it is alleged by plaintiff that said property has a special value to him for a special use to which he had prepared and reserved the said property, then the legal measure of plaintiff's damage is the value of said use to him for the lawful uses to which he desired to use said property, and the value of such use may be shown by the opinion of witnesses who

are shown to the court to have a special skill or knowledge concerning the value of the use, or legal and competent evidence to prove the value of said use or loss or depreciation in the value of said use, provided said witnesses state fully the facts and data from which their opinion is based. Railway v. Knapp, 51 Texas, 592; Railway v. Hogsett, 67 Texas, 686; Railway v. Necco, 18 S. W., 564; Railway v. Wallace, 74 Texas, 581; Railway v. Ayers, 8 S. W., 538; Railway v. Jagoe, 32 S. W., 718; Railway v. Fagan, 72 Texas, 129; Railway v. Rhiner, 25 S. W., 972; Railway v. Halsell, 35 T. C. A., 126; 80 S. W., 140.

The charge complained of is based on the issues made by the pleading and the testimony given in support of said issue, and is correct. Railway v. Wallace, 74 Texas, 581; Railway v. Ayers, 8 S. W., 538.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The plaintiffs' pasture was set afire by a passing engine of the defendant and the grass was burned off. The suit was for the value of the grass burned and for the injury done the turf by the fire. A judgment for the plaintiffs was affirmed by the honorable Court of Civil Appeals for the Third District.

Complaint is made that some of the witnesses were permitted to testify that the damage done to the pasture land by the fire was a stated amount—two fixing it at fifty cents per acre and one at seven cents per acre. It is urged that the ruling of the Court of Civil Appeals on the admission of this testimony is in conflict with its decision in International & G. N. Railway Company v. Fickey, 125 S. W., 327.

There is no conflict. Had the witnesses been allowed to say that the damage to the land was a given amount, it would have been improper and contrary to the decision cited. But such was not the testimony as given. The witness Quinn, for instance, was asked to state his judgment as "to the damage to the pasture." An objection that the question called for the conclusion of the witness upon a matter exclusively for the jury and for testimony not the proper basis for the correct measure of damages, was overruled. The question was repeated, but in this form, "What would be the damage, the difference between the value of the pasture before the fire and after the fire?" The answer of the witness, shown to have been an experienced cattleman and familiar with the pasture, was this: "If you are going to rent a pasture for stock, and one had been burned and one was not burned, I would make fifty cents an acre difference. Yes sir, that would be a fair difference in the value." While so much of the question as asked for a statement of the witness' opinion as to "the damage" was objectionable, as a part of the same question he was asked to state his opinion as to "the difference between the value" of the pasture before and after the fire; and his answer gave an

111 Tex.—2

amount which he expressly stated as "the fair difference in the value."

The measure of damages was the difference in the value of the land because of the injury. The value of property is a matter of opinion. A witness may give his opinion on the question. No objection was made that the witness here was not qualified by knowledge to give an opinion. His testimony shows that it related to value. It might have been preferable to have had him state his opinion as to the value of the pasture land before the fire and its value afterward, instead of stating the difference between the value before and after; but his answer had the same effect. In substance, it amounted to the same thing, and a court should look to the substance. We will not reverse a judgment upon such grounds. The testimony, and that of the other witnesses as well, under any fair interpretation had reference only to the difference in the value of the land occasioned by the defendant's wrongful act. That was the inquiry before the jury.

The charge informed the jury that if the verdict was for the plaintiffs, it should award them "such an amount of money as you believe from the evidence to be the reasonable value of the grass destroyed by the fire as alleged and the damage to the grass roots, if any;" and that "the measure of damages for injury to the roots is the difference in the value of the land before and after the burning for pasturage."

The verdict stated the amount found as the value of the grass destroyed, at $2.50 per acre for the 617 acres, or $1542.50; and the amount of the damage to the land as 50 cents per acre,—a total of the two elements of damage of $1851.00—showing that double damages were not allowed and rendering criticism of the charge untenable.

The judgments of the District Court and Court of Civil Appeals are affirmed.

(Associate Justice Hawkins dissents and will later file a statement of his views.) The promised dissenting opinion seems not to have been filed.