**Nelson PHILLIPS, Jr., et al., Appellants,**

v.

**Frank WERTZ et al., Appellees.**

**No. 19078.**

Court of Civil Appeals of Texas, Dallas.

Feb. 1, 1977.

Rehearing Denied March 3, 1977.

Gregory L. Ceshker, Robert F. Ashley, Ashley & Welch, Dallas, for appellants.

William Andress, Jr., Andress, Woodgate & Lodewick, Dallas, for appellees.

GUITTARD, Chief Justice.

This action arose out of a dispute between neighboring landowners. Plaintiffs Phillips, Sartain, and Nelms own and reside on adjoining lots in a subdivision known as Turtle Creek Estates. Their lots face to the east and front on Turtle Creek Drive, which they allege to be a private driveway maintained by the lot owners. Defendants Frank and Dorothea Wertz own property outside the subdivision, but abutting it on the east. Between Turtle Creek Drive and the Wertz property is a narrow strip of land across which defendants attempted to put a driveway between their land and Turtle Creek Drive. Plaintiffs sued for title and possession of this strip, for actual and exemplary damages because of defendants' attempted use of the strip, and for an injunction restraining defendants from taking possession or entering upon the strip and from using Turtle Creek Drive. After a jury trial and a verdict favorable to plaintiffs, the trial court rendered judgment for plaintiffs Phillips for title to the strip, actual damages in the amount of $341.20, and exemplary damages in the amount of $10,-000, but denied other items of damage found by the jury and also denied injunctive relief. Defendants appeal from the judgment against them, and plaintiffs also appeal from the court's failure to grant injunctive relief and to award the full damages found. We affirm the judgment for title, but we reverse the judgment for damages, and we remand with instructions to grant the injunctive relief sought and to make a new assessment of both actual and exemplary damages.

### Title to Disputed Strip

The controlling question governing title to the disputed strip is whether a person in possession of land, though without any claim to record title, may recover a judgment for title and possession against an intruder or trespasser who enters upon the land and dispossesses him. We hold that he may recover such a judgment.

Plaintiffs Phillips and wife sued in trespass to try title and alleged both adverse possession for a period of more than ten years and also that they and their predeces-

sors in title have had possession of the property "for many years prior to any possession of said property by the Defendants Wertz." They further alleged that on December 9, 1974, defendant Frank Wertz entered on the property with a bulldozer, cut down a portion of a bamboo hedge, tore down a fence, drove a truck over the property and spread a load of gravel across it, and destroyed grass and other vegetation. They made the conventional allegation that they were in possession of the property on December 9, 1974, that on that date defendants unlawfully entered upon and dispossessed them, and still withhold from them the possession of their property.

Defendants answered by general denial and plea of not guilty, and further alleged that title to the strip had never been divested out of the corporate developer, which had forfeited its charter many years ago for nonpayment of the franchise tax. Defendants did not allege any claim of title in themselves.

The evidence shows that record title to the disputed strip stands in the name of the original developer, a defunct corporation. Plaintiffs Phillips have lived on the west side of Turtle Creek Drive, directly across from the disputed strip, for many years. The strip is 166.7 feet long and varies in width from ten to fifteen feet. A ten-foot easement for public utilities extends its entire length, as shown by the subdivision plat. The Phillipses have landscaped this strip with flowers and shrubs. The evidence shows without dispute that on December 9, 1974, defendant Frank Wertz removed a portion of the fence between his property and the disputed strip, entered on the strip with a bulldozer, knocked down about four feet of bamboo hedge planted by the Phillipses, and dumped a load of gravel which Wertz subsequently spread on the property for the purpose of constructing a driveway between his land and Turtle Creek Drive. The evidence further shows that on March 29, 1975, a landscape company employed by the Phillipses replaced the fence posts and replaced a portion of the bamboo hedge, and that on the same day defendants again removed the posts and pulled the bamboo out of the ground. Defendants did not deny these acts, but rather testified that if another fence were put in or any more bamboo were planted in the area where they had started to construct the driveway, they would tear it up.

The jury found that the Phillipses had had peaceful and adverse possession of the disputed land continuously for ten years before the suit was filed and also found that these plaintiffs had had possession of the land prior to any possession by the defendants. Judgment was accordingly rendered for plaintiffs for title and possession. Defendants complain on this appeal of the adverse possession issue and finding on various grounds, including lack of evidence, but they make no complaint of the issue or the finding concerning plaintiffs' prior possession. Accordingly, the question presented is whether this unchallenged finding is sufficient in itself to support the judgment for title and possession. Defendants argue that this finding is not sufficient without some claim by plaintiffs under color of right, and that the undisputed evidence that the title never passed out of the developer defeats plaintiffs' suit.

■ Without passing on any of defendants' complaints concerning the adverse possession issue and finding, we hold that the finding of prior possession provides independent support for the judgment. In our opinion, this question is ruled by *Reiter v. Coastal States Gas Producing Co.*, 382 S.W.2d 243, 249–51 (Tex.1964). There, the supreme court announced the rule that a plaintiff's prior possession is sufficient to authorize him to maintain suit for title against a trespasser, and that proof of title in a third person, through whom the defendant makes no claim, does not justify the defendant's ouster of the plaintiff. The court observed that this doctrine is designed to maintain public peace and order and proceeds on the theory that one in possession should not be disturbed unless by one having a better title. *Id.* at 251. This

court also has held that although the plaintiff's claim of title may be weak, prior possession is enough to make it stronger than that of a defendant who is a mere intruder. *Dinwitty v. McLemore,* 291 S.W.2d 448, 451 (Tex.Civ.App.—Dallas 1956, no writ).

■ Although in *Reiter,* the plaintiff was claiming under a defective deed, the policy announced, in our view, extends to a case like the present in which the plaintiff has no color of record title, but was in possession when defendant entered and dispossessed him. *Cf. Land v. Turner,* 377 S.W.2d 181, 187 (Tex.1964) (holding that if plaintiff does not have possession when ousted, he must show that his possession has not been abandoned). As the *Reiter* opinion explains, the doctrine of prior possession is recognized in a long line of authorities in Texas and other common-law jurisdictions. The philosophical basis for protecting a possessor against one who dispossesses him without right is examined and justified by O. W. Holmes, Jr., in his celebrated treatise on the common law. O. Holmes, *The Common Law,* 206, 208, 244 (1881). Holmes points out that the only intent required is the general intent of the occupant to exclude the public. *Id.* at 224. We conclude that the rule of prior possession does not require a claim of legal title.

■ In *Reiter,* the supreme court also held that the fact that a tract of land is subject to an easement for an electric power line or water conduit does not render the tract immune from operation of the doctrine of prior possession. 382 S.W.2d at 247. Consequently, the existence of the utility easement on the strip now in question does not defeat plaintiffs' action for title and possession.

■ Defendants objected to the prior possession issue in the trial court and also made the argument orally here that this issue was not controlling because defendants' plea of not guilty admitted plaintiffs' prior possession. Apparently counsel is under a misapprehension with respect to Tex. R.Civ.P. 790, which provides that a plea of not guilty in a trespass to try title action is an admission that the defendant (rather than the plaintiff) was in possession of the premises at the time the action was commenced. We know of no authority that such a plea is an admission of the plaintiff's prior possession. Such a rule would be contrary to the authorities holding that prior possession is in itself an independent ground of recovery. *Land v. Turner, supra.* Since Tex.R.Civ.P. 788 expressly authorizes the plea of not guilty as a means of putting the title in issue, it would be contradictory to hold that such a plea constitutes an admission of a matter which may be asserted by the plaintiff as an independent ground of recovery.

### *Actual Damages*

■ As we have already noted, defendants entered upon the disputed strip for the purpose of constructing a driveway on December 9, 1974, and again on March 29, 1975. The evidence shows that on both occasions they took down part of the fence between their property and the disputed strip and disturbed some of the shrubbery and other vegetation planted by the Phillipses. The jury found that the reasonable cost of the repairs necessary to restore the land after the first entry was $164.80, and after the second entry, $341.20. The court rendered judgment for plaintiffs for the second amount, but not for the first. Plaintiffs complain on this appeal of the court's failure to render judgment for the first amount, and defendants contend that the court was not authorized to render judgment for either amount because in both instances the repairs included an unspecified amount for repairing the fence, which was not shown to be the property of plaintiffs.

On this point we agree with defendants. The amounts found by the jury are those given in the testimony of plaintiffs' landscaper, Curtis Taber, who replanted the shrubbery and repaired the fence, but he did not specify how much was for shrub-

bery and how much for fence repairs. The only testimony concerning ownership of the fence is that of plaintiff Nelson Phillips. He testified that the fence is on the property line between the disputed strip and the Wertz property, which was formerly part of the right-of-way of the Katy Railroad. The fence runs continuously parallel to the right-of-way beyond the disputed property. Plaintiff said that he did not know who built the fence, but assumed that the railroad put it up. He testified that he doesn't know who owns the fence, but "guesses" that he owns it.

■ This evidence is not sufficient even to raise a fact issue concerning ownership of the fence. A statement concerning ownership without supporting facts is an inadmissible conclusion if ownership is an issue. *Magee v. Paul,* 110 Tex. 470, 221 S.W. 254, 258 (1920); *Southwest Bank and Trust Co. v. Executive Sportsman Ass'n,* 477 S.W.2d 920, 924 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.). Here, Phillips's testimony does not even rise to the dignity of a conclusion that he is the owner since he only "guesses" that he is, and he gives no factual basis for this guess. On the record before us, we cannot segregate the damages allowed for repairs to the fence from the other damage assessed for defendants' actions on either of the occasions in question, although the evidence indicates that on each occasion plaintiffs did sustain other recoverable damages. Consequently, we reverse and remand the cause for a new trial insofar as it concerns the claim of plaintiffs Phillips for damages to the disputed land. *Moran Corp. v. Murray,* 381 S.W.2d 324, 328 (Tex.Civ.App.—Texarkana 1964, no writ).

### Exemplary Damages

Our reversal of the Phillipses' recovery for actual damages raises the question of whether we must also reverse the judgment in their favor for exemplary damages. The jury found that on the occasions when defendants entered on the land, they "acted with willful, wanton or reckless disregard" of the rights of plaintiffs Phillips and that the Phillipses should be awarded exemplary damages against them for $10,000. The jury also assessed exemplary damages against defendants for entry upon Turtle Creek Drive in the amount of $100.00 in favor of plaintiffs Phillips, $100.00 in favor of plaintiffs Nelms, and $1.00 in favor of plaintiffs Sartain. The court rendered judgment for the $10,000 exemplary damages found, but denied recovery of the exemplary damages for entering upon Turtle Creek Drive.

■ It is well settled that recovery of exemplary damages cannot stand in the absence of a finding of actual damages. *Jones v. Matthews,* 75 Tex. 1, 12 S.W. 823 (1889); *Upjohn Company v. Petro Chemicals Suppliers, Inc.,* 537 S.W.2d 337, 341 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.). This rule applies even when the defendant has been found guilty of a trespass. *Texas Electric Service Co. v. Linebery,* 333 S.W.2d 596, 599–600 (Tex.Civ.App. —El Paso 1960, no writ); and see *Giraud v. Moore,* 86 Tex. 675, 26 S.W. 945 (1894) (holding that nominal damages will not sustain an award of exemplary damages). Consequently, if a finding of actual damages is not supported by the evidence, an award of exemplary damages must also fail. *Securities Investment Co. v. Finance Acceptance Corp.,* 474 S.W.2d 261, 270 (Tex. Civ.App.—Houston [1st Dist.] 1971, writ ref'd n. r. e.). Accordingly, we reverse that portion of the trial court's judgment which awarded plaintiffs Phillips exemplary damages of $10,000, and remand that claim for a new trial. Upon another trial, the court should review any finding of exemplary damages in the light of the rule that the amount of exemplary damages should be reasonably proportioned to the actual damages found. *Southwestern Investment Co. v. Neeley,* 452 S.W.2d 705, 707–08 (Tex. 1970).

■ Under the above authorities it is clear also that the court properly disregarded the findings of exemplary damages with respect to defendants' entry on Turtle

Creek Drive because there was no evidence and no findings of actual damages.

### Injunctive Relief

All plaintiffs complain of the trial court's denial of a permanent injunction restraining defendants from entering upon Turtle Creek Drive, and plaintiffs Phillips complain of the court's denial of an injunction restraining further entry by defendants on the disputed strip. Defendants contend that the injunction was properly denied with respect to Turtle Creek Drive because plaintiffs had failed to show it to be a private drive and also with respect to the disputed strip because defendant Frank Wertz testified that he would not go upon the strip if the court held he did not have the right to do so.

We conclude that the injunction should have been granted in both respects. The evidence is sufficient at least to raise a fact issue as to whether Turtle Creek Drive is a private driveway. The original subdivision plat recorded in 1925 shows a winding strip of land between the lots, marked "reserved for driveway." The parties stipulated that this driveway has come to be known as Turtle Creek Drive and that it "has never been dedicated to the public." The evidence shows that the roadway was originally constructed at the expense of the developer and that since that time all repairs and maintenance have been done at the expense of the lot owners rather than the city. About the year 1955 the city posted signs at each end stating that the roadway is a private drive. Plaintiffs presented testimony to the effect that lot owners had from time to time advised persons using the driveway that it was private and had sought to prevent them from passing through. On the other hand, defendants testified that they had driven along Turtle Creek Drive on many occasions before the present dispute arose and had never been stopped or warned not to do so. Two other witnesses called by defendants testified to the same effect.

The jury found that Turtle Creek Drive is a private drive for the use and benefit of the lot owners in Turtle Creek Estates and answered "no" to an issue inquiring whether the general public has traveled over Turtle Creek Drive by general custom. Defendants attack these findings for lack of evidence, but in our view the evidence recited above is sufficient to support them. The original plat showing that the driveway was "reserved" rather than dedicated to the public, together with the stipulation that it has never been dedicated, is sufficient without more to support these findings in the absence of conclusive evidence establishing that the public has acquired some character of easement. Casual use by members of the public, with no visible public appropriation, does not establish a public right-of-way. The use of land by the public as a roadway will not ripen into a prescriptive right unless the evidence shows, circumstantially or otherwise, that the use was by claim of right adverse to the landowner, of which the owner has notice, for the statutory period of limitation. *Ladies' Benevolent Soc'y v. Magnolia Cemetery Co.,* 288 S.W. 812, 815 (Tex.Com.App. 1926, jdgmt adopted). The evidence here falls far short of establishing a prescriptive right as a matter of law.

Since Turtle Creek Drive is thus established by the evidence and jury findings to be a private driveway and the evidence shows that defendants have used it in the past and have announced their intention to continue using it, we hold that the trial court erred in failing to grant a permanent injunction restraining such use.

Defendants have also announced their intention to continue to use the disputed strip for a driveway between their property and Turtle Creek Drive. In view of the Phillipses' recovery of title and possession, the injunction should also restrain defendants from further entry on the disputed strip. The fact that they do not specifically threaten to disregard the court's order does not bar plaintiffs' right to an injunction restraining defendants from commission of wrongful acts which they have committed in the past and have

threatened to continue in the future. Neither does the attempted unilateral "stipulation" by defendants' counsel that defendants would not violate the court's order constitute proof that defendants would discontinue their attempts to use the land for a driveway.

*Judgment*

Since the rulings announced above are sufficient, in our opinion, to dispose of the actual controversy between the present parties, we do not pass on plaintiffs' points which seek a declaration of their rights and claim of title to Turtle Creek Drive. The judgment is reversed insofar as it denies injunctive relief, and the cause is remanded with instructions to issue a permanent injunction restraining defendants from using Turtle Creek Drive and from entering upon and using the disputed strip. The judgment of the trial court is reversed insofar as it concerns the cause of action of plaintiffs Phillips for actual and exemplary damages for entry upon and use of the disputed strip, and that cause is severed and remanded for a new trial. In all other respects the judgment of the trial court is affirmed. Costs of the appeal are divided equally between plaintiffs Phillips and defendants.

Reversed and remanded in part and affirmed in part.