Terry **FORBAU**, Appellant,

v.

**PRODUCERS GAS COMPANY**, Appellee.

No. 9116.

Court of Civil Appeals of Texas,
Amarillo.

June 18, 1980.

Kenneth A. Back, Amarillo, for appellant.

Sims, Hayes & Lasley, Joe W. Hayes, Canadian, for appellee.

DODSON, Justice.

In this appeal, Terry Forbau is the appellant and Producers Gas Company is the appellee. After a jury trial, the court rendered judgment for Forbau in the sum of $2,570 for damages to real property and exemplary damages for harassment. Appealing from the judgment, Forbau says the

trial court erroneously disregarded the jury's answer to a damage issue decided in his favor. By a cross point, Producers says the trial court erroneously awarded Forbau judgment for exemplary damages. We modify the judgment and as modified we affirm.

By a right of way agreement dated 17 August 1971, Producers constructed a pipeline across certain real property owned by W. T. Young in Wheeler County, Texas. In June of 1974, Producers undertook to remove the pipeline from the property. In possession of the real property under a contract of sale from W. T. Young, Terry Forbau objected to the removal of the pipeline without payment for damages. Originally, Producers instituted this action seeking a temporary restraining order against Young and Terry Forbau to prevent them from interfering with the removal of the pipeline. On 21 June 1974, the court rendered the requested temporary restraining order. No complaint is made concerning this order.

In this action, Terry Forbau filed a cross-action against Producers alleging, *inter alia*, a claim for damages to the land and a claim for exemplary damages for alleged coercion, threats and harassment directed to him and his wife in an alleged attempt to dissuade him from pursuing his legal rights and remedies. Producers answered the cross-action.

In response to special issues, the jury found that:

1. The reasonable cost of repairs necessary to restore the grassland in question to its condition immediately before the occurrence in question is $3,200.

2. The reasonable cost to compensate Terry Forbau for loss of the crop on the cultivated land in question is $70.

3. Producers entered into a course of conduct including coercion and harassment directed toward Terry Forbau and his wife in an attempt to dissuade Forbau from pursuing his legal rights.

4. Producers acted willfully, wantonly and maliciously in entering into such course of conduct.

5. Terry Forbau should be awarded the sum of $1,750 exemplary damages.

6. The market value of that portion of the grassland in question immediately before the occurrence in question was $750.

7. The market value of such grassland immediately after the occurrence in question is $0.

No other issues were submitted or requested. Issues one, two, six and seven relate to Forbau's cause of action for damages to the grassland and crops. Issues three, four and five relate to his cause of action for harassment.

Producers filed its motion to disregard the jury's answers to issues one, three, four and five, and requested the court to render judgment for Forbau on the jury's answer to the remaining issues. The trial court granted Producers' motion to disregard the jury's answer to issue one, overruled the remaining portions of the motion and rendered judgment for Forbau on the jury's answer to issues two, three, four, five, six and seven.

■■■■ Forbau says the judgment should be reversed because the trial court erroneously disregarded the jury's answer to issue one. He maintains that the $3,200 found by the jury as the reasonable cost to restore the grassland should be added to the judgment damages for the grassland. We do not agree. The measure of damages to grassland is determined by the diminution in the value of the land. *Houston & Texas Central Railway Co. v. Ellis*, 111 Tex. 15, 224 S.W. 471, 474 (1920). The rule is particularly applicable when, as in this instance, the cost of restoration greatly exceeds the diminution of the market value. *See* 22 Am.Jur.2d *Damages* § 135 & cases cited note 17 (1965). Moreover, the jury's unchallenged finding of the sum of $750 as the market value of the grassland in question is the proper measure of damages because that value necessarily places Forbau in the same position he occupied prior to the injury in question. *Kraft v. Langford*, 565 S.W.2d 223, 227 (Tex.1978).

By its cross point Producers maintains that the trial court erroneously awarded

Forbau exemplary damages in the amount of $1,750 for coercion and harassment because there was no finding or award of actual damages for coercion or harassment. We agree.

It is well settled that a recovery of exemplary damages cannot stand in the absence of a finding of actual damages. *Jones v. Matthews*, 75 Tex. 1, 12 S.W. 823, 823 (1889); *see Giraud v. Moore*, 86 Tex. 675, 26 S.W. 945, 946 (1894) (holding that nominal damages will not sustain an award of exemplary damages). The record fails to show that Forbau pled, sought to prove, or obtained a jury finding on actual damages for harassment. The case is before us without a statement of facts and we cannot supply the omitted finding. Tex.R.Civ.P. 279. Accordingly, in the absence of a finding of actual damages, the award of $1,750 as exemplary damages for coercion and harassment must fail. *See Phillips v. Wertz*, 546 S.W.2d 902, 907 (Tex.Civ.App.— Dallas 1977, writ ref'd n. r. e.).

In summary, we overrule Forbau's point of error and we sustain Producers' cross point of error. Accordingly, the judgment is modified by reducing the judgment amount of $2,570 to $820, and as modified the judgment is affirmed. Costs on appeal are taxed against Forbau.