Dr. N. Jay ROGERS, Appellant,

v.

DOUBLEDAY & COMPANY, et al., Appellees.

No. 09–81–073 CV.

Court of Appeals of Texas, Beaumont.

Oct. 21, 1982.

Rehearing Denied Nov. 22, 1982.

Robert Q. Keith, Thomas Walston, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellant.

John G. Tucker, Orgain, Bell & Tucker, Beaumont, Harvey Gatz, Washington, D.C., for appellees.

DIES, Chief Justice.

In 1971, Doubleday & Company, a national book publishing company, commissioned Harvey Katz to write a book, which was published in 1972 under the title *Shadow on the Alamo.* In the book the following appeared: "Nate Rogers was appointed to the State Optometry Board by John Connally, despite Rogers' three indictments for practicing without a license." This statement was untrue, and Rogers, as plaintiff below, sued Doubleday and Katz in libel for damages. Only punitive damages were sought in plaintiff's petition. Trial was to a jury which awarded Rogers $2,500,000 in punitive damages. This was set aside by the trial court, who entered judgment that plaintiff recover nothing of and from defendants from which plaintiff below, Dr. N. Jay Rogers, perfects this appeal. The parties will be referred to herein by name or as they were below.

At the outset, we must decide if this defamation is protected by *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). There a city commissioner of public affairs, whose duties included the supervision of the police department, sued for libel against the New York Times for publication of a paid advertisement describing the maltreatment in Montgomery, Alabama, of negro students protesting segregation. The court there held: "The Constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'— that is, with knowledge that it was false or with reckless disregard of whether it was false or not."

Since plaintiff is a member of the Board of Optometry in this State, he, of course, must comply with this standard. To excuse their conduct, the defendants in the case at bar explain: Katz, the author of the book read the statement about the three indictments in *House Journal.* The person named was Sol Rogers, the plaintiff's brother.[1] An attorney for Doubleday suggested this be verified.[2] Katz then learned the member of the Optometry Board was plaintiff and simply substituted his name for his brother's. Hence, it thus appeared in the printed book. No verification was made by Katz or Doubleday even though our record shows that verification would have been a very simple matter—even a telephone call. Katz himself is a lawyer and not only should know the import of the charge of "indictment" but also that it would be a simple matter to verify. He testified that, while writing the book in Washington D.C., he had called Texas on the phone, and he even went to Texas several times to verify statements and charges made in his manuscript.

We recognize, as of course we must, that ours is "a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *New York Times Co. v. Sullivan,* supra. But, to unequivocally state that even a public official had been indicted without even making a perfunctory effort to verify the charge is something else. No purpose whatsoever is achieved by granting a constitutional shield to such conduct. Our record reveals the confirmation process plaintiff went through in the Texas Senate, and that Katz or Doubleday did not even call the Secretary of the Senate, or any Senator or staff member to inquire about

---

1. The statement is only partly true of Sol Rogers.

2. Two lengthy letters from Doubleday's lawyers advised Doubleday: "This manuscript contains substantial problems in the area of libel" and "the substantiation which is recommended . . . is of prime importance." And, at a later conference to review the manuscript for libel problems, counsel advised both Katz and the Doubleday editor to "confirm it [the statement in the issue] or take it out."

these alleged indictments. We believe this conduct was reckless disregard of whether the statement was true or not; and, hence, not protected by the doctrine of *Sullivan.*

We now turn our attention to the defendant's contention that no punitive damages are recoverable against them because no actual damages were sought or recovered. There are, of course, assertions by our Supreme Court to that effect. See *City Products Corp. v. Berman,* 610 S.W.2d 446 (Tex. 1980); *Fort Worth Elevators Co. v. Russell,* 123 Tex. 128, 70 S.W.2d 397 (1934); *Girard v. Moore,* 86 Tex. 675, 26 S.W. 945 (1894); *Trawick v. Martin-Brown Co.,* 79 Tex. 460, 14 S.W. 564 (1890); *Jones v. Matthews,* 75 Tex. 1, 12 S.W. 823 (1889); *Flanagan v. Womack,* 54 Tex. 45 (1880); *Mickie v. McGehee,* 27 Tex. 135 (1863). However, this does not solve our problem because our Supreme Court has also held that a charge, such as we are here concerned with, is libelous per se, and damages are presumed. *Belo v. Fuller,* 84 Tex. 450, 19 S.W. 616 (1892); *Christy v. Stauffer,* 437 S.W.2d 814 (Tex.1969).

To shield these defendants from punitive damages simply because plaintiff is successful and financially secure does not seem fair or consistent with the Supreme Court's holding that his damages are presumed. So, we conclude that in this situation only—libel per se—our Supreme Court authorizes punitive damages without actual damages. It follows from what we have said that we sustain plaintiff's points of error and overrule defendants' crosspoints.

We, therefore, reverse and render the judgment of the trial court, and, since there is no complaint by the defendants of the amount of damages, decree that plaintiff recover of and from defendants, jointly and severally, $2,500,000, costs, and interest.

REVERSED and RENDERED.

KEITH, J., not participating.