AETNA CASUALTY AND SURETY
COMPANY, Appellant,

v.

PROTECTIVE INSURANCE
COMPANY, Appellee.

No. 01–82–647–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 10, 1983.

Barclay A. Manley, Houston, for appellant.

Robert D. McPherson, Houston, for appellee.

Before JACK SMITH, DUGGAN and LEVY, JJ.

## OPINION

LEVY, Justice.

Appellee, Protective Insurance Company, as plaintiff in the trial court, sought a declaratory judgment that a policy issued by defendant, Aetna Casualty and Surety Company, to B.F. Walker, Inc., required Aetna to defend Atlas Truck Lines, Inc., Protective's insured. The trial court rendered judgment that Aetna's policy created a duty for Aetna to defend Atlas.

We reverse.

In October of 1979, Sherman A. Stebbins leased his truck to his employer, B.F. Walker, for various hauling jobs. When Stebbins, in the course of his employment by Walker, arrived at the Atlas Truck Line

Yard to load his truck with pipe, he was instructed by the security guard to wait until Atlas employees could load his truck. After waiting about forty-five minutes near the gate, Stebbins was told by the yard foreman where to park his truck so that it could be loaded. Stebbins parked his truck where he was so instructed, and Atlas employees began loading pipe onto the trailer of the truck with a forklift. Stebbins was directing the loading and arrangement of the pipe when an accident occurred and he was injured. Stebbins then sued Atlas and appellee contended that Atlas was an omnibus insured under Walker's insurance policy with appellant. Appellee demanded that appellant defend and indemnify Atlas from Stebbins' third party lawsuit.

Aetna's comprehensive automobile liability insurance policy, issued to B.F. Walker, provides in pertinent part as follows:

## II. PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

(a) the named insured [B.F. Walker, Inc.];

\* \* \* \* \* \*

(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:

(1) a lessee or borrower of the automobile, or

(2) an employee of the named insured or of such lessee or borrower;

The coverage question is whether there was any evidence raising a fact issue whether Atlas was a "borrower" of the truck within the meaning of the "loading and unloading" coverage provisions of the insurance policy issued by Aetna.

In a very similar case, the Texas Supreme Court held that the term "borrower" means "someone who has, with permission of the owner, temporary possession and use of the property of another for his own purposes." *Liberty Mutual Insurance Company v. American Employers Insurance Company,* 556 S.W.2d 242 (Tex.1977). The Supreme Court emphasized that there must be "use" *and* "possession" of the vehicle for one to be a "borrower."

■ The loading of the truck by Atlas employees obviously constituted a "use" of the vehicle; however, the question remains as to whether there was "possession" of the vehicle by Atlas employees. "Possession" connotes the right to exercise dominion and control over the truck. *Liberty Mutual Insurance Company, supra.* There is no probative evidence that Atlas had that right.

■ The only evidence presented by appellant to prove "possession" was that: (1) Stebbins had been expressly instructed by an Atlas employee as to where to park his truck for loading; (2) Atlas had the right to send Stebbins away from the yard without a load if Stebbins did not comply with Atlas's instructions on loading or unloading; and (3) Stebbins testified that it was his understanding that Atlas was in charge of his truck while he was in Atlas's yard.

First, the mere statement to a driver that he should park the truck at a particular place is no evidence that the person giving the direction has taken "possession" of the truck. *Atlantic Mutual Insurance Company v. Gulf Insurance Company,* 596 S.W.2d 326, 328 (Tex.Civ.App.—Texarkana 1980, no writ); *Robinson v. Excalibur Insurance Company,* 598 S.W.2d 324, 327 (Tex.Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

Secondly, *Atlantic Mutual Ins. Co., supra,* also held that the right to terminate operations for safety's sake may give a right of supervision, but it does not constitute "possession and use" of the vehicle. Similarly, the right of Atlas to terminate operations if Stebbins did not cooperate with their supervisory instructions does not present evidence of "possession."

Thirdly, the opinion or understanding of Stebbins as to who was in charge of his truck is a conclusion of Stebbins and is not sufficient probative evidence of "possession" by Atlas. Facts, not opinions or "understandings," are dispositive when determining "possession." Ultimate questions are matters of law that are decided by the court on the basis of *facts* presented in evidence. *Fort Worth Neuropsychiatric Hospital v. Bee-Jay Corp.,* 600 S.W.2d 763, 765 n. 4 (Tex.1980); *Phillips v. Wertz,* 546 S.W.2d 902, 907 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.).

For comparison, the Supreme Court held in *Fort Worth Neuropsychiatric, supra,* that in cases where ownership is an issue in dispute, the courts need not consider as competent evidence the legal conclusions of witnesses concerning ownership interests. Likewise, the "understanding" of Stebbins as to the ultimate fact of "possession" is not considered decisive by this court.

There being legally insufficient evidence to establish Atlas's status as a "borrower" of the truck, Protective's motion for declaratory judgment was improperly granted.

The judgment of the trial court is reversed. Judgment is rendered declaring that Atlas Truck Lines, Inc., is not entitled to be defended by appellant, and that the relief prayed for by appellee is denied.